NOER, Respondent, vs. G. W. JONES LUMBER COMPANY, Appellant.

*December 2, 1919—January 13, 1920.*

*Physicians and surgeons: Action for compensation: Workmen's compensation: Jurisdiction of industrial commission.*

A physician's right to resort to the courts to enforce by action his claim against an employer for whom the physician has performed services in caring for an injured employee at the

employer's request, is not affected by sub. 2, sec. 2394—15, Stats., giving the industrial commission exclusive jurisdiction to pass upon the reasonableness of medical bills of the employee, the statute applying only in cases where such issue is between employer and employee.

APPEAL from a judgment of the circuit court for Forest county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This action was begun in justice's court to recover the value of physician's services. Upon appeal to the circuit court judgment was rendered in favor of the plaintiff, from which judgment this appeal was taken.

Appellant is under the provisions of the workmen's compensation act. The respondent is a physician and surgeon at Wabeno, Wisconsin, and owns and operates a hospital in connection with his practice. Prior to September 1, 1917, at which time sub. 3, sec. 2394—15, Stats. (ch. 624, Laws 1917), providing that no employer subject to the provisions of the workmen's compensation act shall solicit, receive, or collect any money from his employees or make any deduction from their wages, either directly or indirectly, for the purpose of discharging any liability under the provisions of said law, nor sell to an employee, or solicit or require him to purchase, medical or hospital tickets or contracts for medical, surgical, or hospital treatment required to be furnished by such employer under such law, became effective, the plaintiff rendered medical services to the employees of the appellant under a contract plan whereby each employee paid him a certain amount each month. Upon the enactment of said sub. 3 it was considered that the then existing arrangement could not be continued. It appears that plaintiff was employed by the appellant to continue to render medical services to employees of the company sustaining injuries while in the employ of the company and for which the company was liable for compensation under the workmen's compensation act. This action was brought to recover for services rendered in treating,

and furnishing hospital accommodations to, an employee of the company injured under circumstances making appellant liable for compensation. In due time the appellant settled with the injured employee. Plaintiff presented his bill for medical services, and payment was refused on the ground that it was excessive, and a request was made that the matter be referred to the industrial commission for adjustment, which was refused by plaintiff, and this action was instituted to recover the amount of the bill.

For the appellant there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

For the respondent the cause was submitted on the brief of *G. H. Dawson* of Crandon.

OWEN, J. It seems to be appellant's contention that, because it and its employees were subject to the provisions of the workmen's compensation act, the industrial commission has exclusive jurisdiction (subject to the judicial review provided for in the act) to pass upon the reasonableness of plaintiff's charges and to fix and determine the reasonable value of plaintiff's services rendered to the injured employee, for which appellant was liable only by virtue of the provisions of the workmen's compensation act, and that the court has no jurisdiction of the action. Reference is made to the provisions of the workmen's compensation act, sec. 2394—9, which provides that compensation shall include such medical, surgical, and hospital treatment, medicines, medical and surgical supplies, crutches, and apparatus as may be reasonably required for ninety days immediately following the accident, etc.; also sec. 2394—15, which provides that any dispute or controversy concerning compensation under secs. 2394—3 to 2394—31, inclusive, shall be submitted to said industrial commission in the manner and with the effect provided in secs. 2394—3 to 2394—31, inclusive, and that the industrial commission shall have jurisdiction to pass upon the reasonableness of the medical

and hospital bills in all cases of dispute where compensation is paid, in the same manner and to the same effect as it passes upon compensation.

From these provisions it is argued that, the services for the value of which this action was brought having been rendered to an injured employee at the request of the employer, no liability existing on the part of the employer to furnish such services except by virtue of the workmen's compensation act, all of which was known to the plaintiff, exclusive jurisdiction is vested in the industrial commission to pass upon the reasonableness of the charges made for such services, and that plaintiff may not maintain an action at law to recover therefor. This contention is unsound. The workmen's compensation act deals exclusively with matters growing out of the relation of employer and employee. The provisions of the act are binding upon employers and employees electing to be bound by them, and upon none others. All except employers and employees are strangers to the act, and their usual lawful rights and remedies are unaffected by it. True, it is made the duty of the employer to provide certain medical attention to its employees, but the act does not provide that he who renders such medical services at the request of the employer must submit the reasonableness of his charges in that behalf to the industrial commission for its approval and allowance. The physician rendering such services is no more deprived of his right to resort to the courts for the establishment and collection of his claim than though the services had been rendered to the employer personally. The fact that neither employer nor employee, those for whom the act was primarily designed, are affected by its provisions against their consent, coupled with the further consideration that no method is provided by which a physician may consent to be bound by the terms of the act, would strongly negative the inference that the act was intended to have the effect for which appellant contends.

Sub. 2, sec. 2394—15, which provides that the industrial commission shall have jurisdiction to pass upon the reasonableness of medical and hospital bills in all cases of dispute where compensation is paid, in the same manner and to the same effect as it passes upon compensation, confers upon the industrial commission authority to pass upon and determine the amount which the employer shall pay the employee where the employer has failed in his duty to provide proper medical attention, and which was provided by the employee himself, as was the case in *Milwaukee v. Miller,* 154 Wis. 652, 144 N. W. 188. Under such circumstances the reasonable value of the services, as determined by the industrial commission, measures the amount which the employer must pay to the employee for this item of compensation, but the physician rendering the services is in no manner bound by such determination when he proceeds to collect from the employee. His remedy in the courts is left unimpaired, and he may maintain his action therein for the value of his services as he conceives them to be. Having discovered no legislative attempt in the workmen's compensation act to deprive physicians rendering services under circumstances here presented, of their legal rights and remedies, we find it unnecessary to consider the question of the power of the legislature to confer upon the industrial commission the exclusive jurisdiction for which appellant contends.

It follows that the court had jurisdiction of the action, and, no other error being assigned, the judgment should be affirmed.

*By the Court.*—Judgment affirmed.