## Benjamin Augustus, Appellee, v. Frank C. Lewin, Appellant.

### Gen. No. 26,500.

1. WORKMEN'S COMPENSATION ACT—*jurisdiction of municipal court of action by physician for services rendered employee.* The last paragraph of section 16 of the Workmen's Compensation Act (Cahill's Ill. St. ch. 48, ¶ 216), providing that the Board shall have power to determine the reasonableness of and fix any fee or compensation charged by any person for service performed in connection with the act, and the last sentence of subparagraph (c) of section 19 as amended in 1919 [Callaghan's Ill. St. 1920, ¶ 5475(19)], providing that the fees and payment thereof of all attorneys and physicians for services authorized by the commission under the act shall, upon request of either employer or employee or the beneficiary affected, be subject to the review and decision of the Industrial Commission, considered in an action in the municipal court by a physician for services rendered an employee at the request of his employer, where both employer and employee were subject to the act; and *held* that it was not the intention of the legislature to take away from the employer and a third person their right to contract with each other, and that the municipal court was not ousted of jurisdiction by said sections.

2. WORKMEN'S COMPENSATION ACT—*effect of act on jurisdiction of court.* The theory upon which the Workmen's Compensation Act is based is that the parties to whom it applies, the employer and employee, must voluntarily elect to come under its provisions, and it is only when they have so elected that the act deprives the courts of their jurisdiction to enforce contractual terms between them.

3. WORKMEN'S COMPENSATION ACT—*absence of provision by which physicians may voluntarily come under act.* There is no provision in the Workmen's Compensation Act by which physicians may voluntarily come under the act.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R.

CAVERLY, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 7, 1922.

F. J. CANTY and J. C. M. CLOW, for appellant; GEORGE D. ANTHONY, of counsel.

JOSEPH J. AUGUSTUS, for appellee; ROBERT J. FOLONIE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In this case the plaintiff below, who is appellee here, sued the defendant appellant for medical services rendered by plaintiff to one Paul Castiglione, an employee of the defendant. Defendant was a general contractor and Castiglione while in his employ received an accidental injury on February 29, 1920. Defendant's superintendent called the plaintiff to attend the injured employee, and plaintiff was taken to the scene of the accident in the automobile of appellant. It was stipulated upon the trial that both employer and employee were operating under and subject to the provisions of the Workmen's Compensation Act on that date; that the injury arose out of and in the course of the employment; that notice was given within 30 days and claim for compensation made and paid.

Two defenses were interposed at the trial; one that the amount claimed was excessive, and the other that the municipal court was without jurisdiction because the physician's bill sued for was a liability created by the Workmen's Compensation Act, and was compensation, and that it was therefore necessary that the bill should be passed on by the Industrial Commission instead of the court.

There was evidence tending to show that the sum charged was customary and reasonable, and it is not here argued that the finding of the court in that re-

spect is contrary to the evidence. The only question, therefore, to be decided upon this appeal is whether by reason of the provisions of the Workmen's Compensation Act, the Municipal Court was without jurisdiction to hear the claim. Appellant relies upon paragraphs of the Workmen's Compensation Act, as amended July 1, 1919. The last paragraph of section 16 of that Act provides as follows:

"The Board shall have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this Act, or for which payment is to be made under this Act, or rendered in securing any rights under this Act."

The last paragraph of subparagraph (c), section 19, provides as follows:

"The fees and payment thereof of all attorneys and physicians for services authorized by the Board under this Act shall, upon request of either the employer or employee or the beneficiary affected, be subject to the review and decision of the Industrial Board."

It is insisted that the effect of these provisions, properly construed, is to oust the municipal court of jurisdiction; that the provisions of the Workmen's Compensation Act must be liberally construed, *Matthiessen & Hegeler Zinc Co. v. Industrial Board*, 284 Ill. 378, and that the purpose is to save workmen the expense of litigation; that there is no distinction between medical services and compensation, and that under the police power the State may abrogate the right of contract, all of which propositions are set forth in appellant's argument with numerous citations tending to sustain them, may be conceded, but these propositions do not, as we view the record, go to the vital and controlling point in the case.

It is undisputed upon the record that the plaintiff rendered services for defendant as requested by him, and that the judgment represents the reasonable value of these services. The question to be decided is

whether it was the intention of the legislature, in the enactment of the provisions on which the defendant relies, to take away from the employer and a third person (in this case the physician) their right to contract with each other. Considering the whole act in connection with these provisions, we think it is apparent that such was not the intention of the legislature. The theory upon which our Compensation Act is based is that the parties to whom it applies, the employer and his employees, must voluntarily elect to come under its provisions. It is only when they have so elected that the act deprives the courts of their jurisdiction to enforce contractual terms between them. The manner in which they shall come under the act is distinctly provided for, but there is no provision in the act by which physicians may voluntarily come under its provisions. This consideration has been held to be controlling in the construction of similar statutes in other States. In *Noer v. G. W. Jones Lumber Co.,* 170 Wis. 419, 175 N. W. 784, where a similar question arose under the Wisconsin statute, the court said:

"The Workmen's Compensation Act deals exclusively with matters growing out of the relation of employer and employee. The provisions of the act are binding upon employers and employees electing to be bound by them, and upon none others. All except employers and employees are strangers to the act, and their usual lawful rights and remedies are unaffected by it."

To the same effect is *National Car Coupler Co. v. Sullivan,* — Ind. App. —, 126 N. E. 494.

We agree with the conclusion reached in these two cases, and the judgment will therefore be affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.