**Dr. J. M. Hoyt, Appellee, v. London Guarantee & Accident Company, Ltd., and Nokomis Coal pany, Appellants.**

WORKMEN'S COMPENSATION—*jurisdiction as between court's and Industrial Board to adjudicate physician's claim.* The provisions of the Workmen's Compensation Act, sec. 16, Cahill's Ill. St. ch. 48, ¶ 216, giving the board power to fix the amount of any fee for service performed under the act and of sec. 19, subpar. (c), Cahill's Ill. St. ch. 48, ¶ 219 (c), making fees and payments to attorneys and physicians subject to the review and decision of the Indus-

trial Board, do not deprive the circuit court of jurisdiction of an action by a physician against an employer to recover for services rendered by him at the employer's request to an injured employee, where although employer and employee are both shown to be working under the act, there is no evidence that such physician had submitted himself to its provisions.

Appeal by defendants from the Circuit Court of Montgomery county; the Hon. Thomas M. Jett, Judge, presiding. Heard in this court at the April term, 1922. Affirmed. Opinion filed October 25, 1922.

F. J. Canty, J. C. M. Clow, George D. Anthony and Andrus, Trutter & Crow, for appellants.

J. D. Wilson, for appellee.

Mr. Presiding Justice Niehaus delivered the opinion of the court.

This is an appeal from a judgment for $30 for medical services rendered by Dr. J. M. Hoyt, the appellee, for the appellant, the Nokomis Coal Company, who requested the appellee to attend one of its employees named Mertens, who had sprained his wrist in the course of his employment for the appellant. It is contended on appeal that the judgment should be reversed because the circuit court of Montgomery county which tried the case had no jurisdiction concerning the matters involved, inasmuch as the appellant and the employee Mertens, who received the benefit of the services rendered, were working under the provisions of the Workmen's Compensation Act. Section 16 of this Act [Cahill's Ill. St. ch. 48, ¶ 216] contains this provision: "The board shall have power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this Act, or for which payment is to be made under this Act, or rendered in securing any right under this Act." In subparagraph (c), sec. 19 [Cahill's Ill. St. ch. 48,

¶ 219 (c)], it is also provided: "The fees and payment thereof of all attorneys and physicians for services authorized by the commission under this Act shall upon request of either the employer or the employee or the beneficiary affected, be subject to the review and the decision of the industrial commission." It is contended by the appellant that the provisions referred to are controlling in the determination of the question whether the Industrial Board or the courts are to determine the reasonableness and fix the amount of the appellee's fee as a physician for the services which he performed. There is no evidence that the appellee intended to submit himself to the provisions of the act. The fact that the coal company and Mertens, as employer and employee, were working under the act, and were controlled by it would not necessarily result to bring other persons under the provisions of the act, but third persons who are not working under the provisions of the act must have agreed to be bound thereby, by contract either expressed or implied. It was said in *Noer v. G. W. Jones Lumber Co.,* 170 Wis. 419, 175 N. W. 784: "The Workmen's Compensation Act deals exclusively with matters growing out of the relation of employer and employee. The provisions of the act are binding upon employers and employees electing to be bound by them, and upon none others. All except employers and employees are strangers to the act, and their usual lawful rights and remedies are unaffected by it." To the same effect is *National Car Coupler Co. v. Sullivan,* 73 Ind. App. 442, 126 N. E. 494. In *Feldstein v. Buick Motor Co.,* 115 N. Y. Misc. 170, 187 N. Y. Supp. 417, the court held that: "It is clear, therefore, that where the physician's claim is based solely on an agreement with the employer, and is not a part of the injured workman's claim for compensation, the compensation commission is without legal authority to fix the fee and enforce it, and the physician still re-

tains his right to prosecute his claim in a common-law action.'' The same question here involved was also passed on in this State by the Appellate Court of the First District, in the case of *Augustus v. Lewin*, 224 Ill. App. 376, and the court therein reached the same conclusion set forth in the cases cited. For the reasons stated we are of opinion that the circuit court had jurisdiction to adjudicate appellee's claim and the judgment is affirmed.

*Judgment affirmed.*