## FRANK L. FERREN vs. S. D. WARREN COMPANY.

### Cumberland.    Opinion July 12, 1924.

*The obligation on the part of an employer to pay for medical aid implied from his becoming an assenting employer is enforceable by petition to the Industrial Accident Commission in behalf of the employee, and not by common law action. But the employer may bind himself by express contract to pay medical bills. Such contract is enforceable through the common law courts. No commission decree is necessary to give binding force to it. Unless the contract expressly so provides, such decree cannot limit the extent of the obligation.*

In the instant case the decree of the commission was properly excluded. That decree was the result of a proceeding between the employee and the employer. The plaintiff in this case was not a party to it. As between the employee and the defendant it determines the extent of liability for medical aid. It does not effect any obligation which arises from the express contract between the plaintiff and the defendant.

Except under peculiar circumstances not shown to exist in the pending case, the statute of frauds is interposed too late when set up for the first time in a motion for directed verdict.

On motion and exceptions by defendant. An action by the plaintiff, a physician, to recover for medical services rendered under an express contract. One William Raymond, while in the employment of defendant, was injured through an accident arising out of said

employment. In this case the plaintiff contended that the defendant was not only liable for such medical aid rendered as determinable by the Industrial Accident Commission, under an implied contract as an assenting employer, but was liable for medical services rendered by plaintiff to the employee under an express contract or promise to pay the plaintiff for such services.

The case was tried to a jury and at the close of the evidence counsel for the defendant moved for a directed verdict for defendant, which was denied by the presiding Justice and exceptions taken, and a verdict for plaintiff for $411.76 was rendered, and defendant filed a general motion for a new trial. Motion overruled. Exceptions overruled.

The case is fully stated in the opinion.

*Thaxter & Holt,* for plaintiff.

*Bradley, Linnell & Jones,* for defendant.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J. In 1921, one William Raymond, while employed by the defendant was injured through an industrial accident arising out of said employment.

Under Section 10 of the Workmen's Compensation Law the defendant, without contract except as implied from its status as an assenting employer, was bound to furnish, or pay for, medical aid to an extent determinable by the Industrial Accident Commission. This implied obligation of the employer is enforceable exclusively through petition to and decree of the Commission.

But the employer may bind himself by express contract to pay medical bills. Such contract is enforceable through the common law courts. No Commission decree is necessary to give binding force to such a contract. Unless the contract expressly so provides such decree cannot limit the extent of the obligation.

In this case the jury has found that the defendant employed the plaintiff, a physician, to attend its disabled employee, and expressly and unqualifiedly undertook to pay for such services. No question is raised as to the rendition of services or the charge therefor. Evidence was adduced tending to support the jury's findings. The evidence is not manifestly erroneous.

Nor is there any merit in the exceptions; the defendant through its exceptions relies on the doctrine of election of remedies. But the only remedy that the plaintiff has elected is the present suit. The petition to the Commission was filed by Raymond. That remedy was not open to the plaintiff. He did not attempt to invoke it.

The decree of the Commission was properly excluded. That decree was the result of a proceeding between the employee and the employer. The plaintiff in this case was not a party to it. As between Raymond and the defendant it determines the extent of liability for medical aid. It does not affect any obligation which arises from the express contract between the plaintiff and the defendant. "The Workmen's Compensation Act deals exclusively with matters growing out of the relation of employer and employee. The provisions of the act are binding upon employers and employees electing to be bound by them and upon none others. All except employers and employees are strangers to the act, and their usual lawful rights and remedies are unaffected by it. . . . . The physician rendering such services is no more deprived of his right to resort to the courts for the establishment and collection of his claim than though the services had been rendered to the employer personally." *Noer* v. *Lumber Company*, 170 Wis., 419, 175 N. W., 784. See also to same effect, *Casualty Co.* v. *Industrial Commission*, 87 Okla., 92; *Collins* v. *Joyce,* 146 Minn., 233; *Augustus* v. *Lewin*, 224 Ill. App., 376; *Feldstein* v. *Motor Co.*, 187 N. Y. S., 417.

Defendant's counsel in his motion for a directed verdict, though not by his pleadings, sets up the statute of frauds. But the claim of the plaintiff is that the defendant's promise to pay for the plaintiff's services was an original and not a collateral promise. There is evidence tending to support this claim. The statute of frauds applies only to collateral promises, 27 C. J., 132.

Moreover, the statute of frauds was not pleaded. Except under circumstances not shown to exist in the pending case the statute is interposed too late when set up for the first time in a motion for directed verdict. *Lawrence* v. *Chase*, 54 Maine, 199.

*Motion overruled.*
*Exceptions overruled.*