No. 14,618.

ROCKY MOUNTAIN FUEL COMPANY *v.* INDUSTRIAL
COMMISSION.
(96 P. [2d] 413)

Decided November 13, 1939. Rehearing denied December 4, 1939.

Mr. ALBERT L. VOGL, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK
A. BRUNO, Assistant, for defendant in error.

Mr. Samuel D. Menin, Mr. Frank F. Dolan, amici curiae.

*In Department.*

Mr. Chief Justice Hilliard delivered the opinion of the court.

A proceeding before the Industrial Commission. One Stottman was claimant. The Rocky Mountain Fuel Company, plaintiff in error, the New Standard Coal Mining Company, lessor and lessee, respectively, of a certain coal mine, and the Employers' Mutual Insurance Company, an insurer, were respondents. The commission is sole defendant in error. Claimant, working in the mine for the lessee, was injured. Compensation, as such, amicably adjusted, was discharged by the insurance company. The commission ordered that plaintiff in error "pay for the necessary medical, surgical and hospital expenses incurred," etc. In the district court the commission's award was affirmed. The judgment is challenged on the ground that the commission did not have jurisdiction to pass upon the question involved, for that, as said, it "was wholly and exclusively a juridical matter," only cognizable by a judicial tribunal.

It appears that the lease from plaintiff in error required the lessee to "insure and continuously keep insured, for the amounts of compensation and liabilities, specified in the Workmen's Compensation laws of the State of Colorado"; that through the lessor, the lessee paying the premium, the insurer named above issued its policy, in form known as "Ex-Medical," that is to say, covering compensation, but not medical benefits, and the lessee carried no other insurance in the premises; that plaintiff in error operated its own medical and hospital plan, as approved by the commission, all as was properly posted at the mine; that the notice so posted advised that plaintiff in error "has the right to select

both the physician and the hospital," and the physicians named in the notice were Dr. V. W. Porter, of Lafayette, and Dr. Wm. H. Haggart, 724 Majestic Building, Denver, to neither of whom did claimant go; that immediately following claimant's injury, the lessee took him to the Community Hospital at Boulder, and put him in charge of a Doctor Bartholomew, of which action plaintiff in error was advised, but neither that doctor nor that hospital was included in the approved plan of plaintiff in error; that inasmuch as bills for medical and hospitalization services rendered claimant were not discharged, as informally was made to appear to the commission, it ordered a hearing "to determine liability of Rocky Mountain Fuel Company, and/or the Standard Mine for medical benefits." Neither Dr. Bartholomew nor the hospital mentioned was required to appear before the commission at the hearing, and did not appear.

The commission, although its jurisdiction to consider and determine the matter was formally and adequately challenged by plaintiff in error, received evidence and made an award to the effect that plaintiff in error should pay the necessary medical, surgical and hospital expense incurred in claimant's behalf, not exceeding $500.00 as required by law, and in accordance with the schedule fixed by the commission.

It is clear that neither the doctor nor the hospital standing to enjoy collection from plaintiff in error by virtue of the order, was employed or engaged by it to render service to claimant. No privity obtained between the doctor and hospital, or either, and plaintiff in error. The commission proceeded to the determination on the theory that by virtue of section 328, chapter 97, C. S. A., '35 (S. L. '19, p. 717, §49), of the Workmen's Compensation Act, plaintiff in error, as lessor of the premises where the injury occurred, and notwithstanding that in fact claimant was the lessee's employee, was properly to be subjected to the liability fixed by the commission. The statute reads: "Any person, company or corporation

operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or sub-contractor, shall irrespective of the number of employees engaged in such work, be construed to be and be an employer as defined in this article, and shall be liable as provided in this article to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employees, and such employer as in this section defined shall, before commencing said work insure and shall keep insured his liability as herein provided and such lessee, sub-lessee, contractor or sub-contractor, as well as any employee of such lessee, sub-lessee, contractor or sub-contractor, shall each and all of them be deemed employees as defined in this article. Such employer shall be entitled to recover the cost of such insurance from said lessee, sub-lessee, contractor or sub-contractor, and may withhold and deduct the same from the contract price or any royalties or other money due, owing or to become due said lessee, sub-lessee, contractor, or sub-contractor; provided, however, that if said lessee, or sub-lessee, contractor, or sub-contractor doing any work as in this section provided shall himself be an employer as defined in this article in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided, then and in that case such person, company or corporation operating, engaged in, or conducting said business shall not be subject to the provisions of this section."

█ We note that this particular section of the statute, while making the lessor an employer notwithstanding the contrary fact, as here, does not say that the fiction thus made verity shall extend the lessor's liability beyond that of paying "compensation for injury or death resulting therefrom to said lessees, * * * and their employees." Construing the statute in the light of the facts appearing, the commission, and the trial court

as well, held in effect that plaintiff in error's fictional relationship of employer made it not only liable for medical and hospitalization services, but that the commission had jurisdiction to order payment thereof in behalf of those strange to the enactment, strange to plaintiff in error, strange to the contract between plaintiff in error and the lessee, strange to the proceeding and in no way bound or to be bound by the order. We cannot think the commission is vested with jurisdiction in such situation. The commission itself, indeed, was alert to perceive, and quick to announce, that as between the lessee, claimant's employer in fact, and plaintiff in error, the question of liability should "be determined by the courts of this state, and is not within the jurisdiction of this commission."

"The workmen's compensation act deals exclusively with matters growing out of the relation of employer and employee. The provisions of the act are binding upon employers and employees electing to be bound by them, and upon none others. All except employers and employees are strangers to the act, and their usual lawful rights and remedies are unaffected by it." *Noer v. Jones Lumber Co.*, 170 Wis. 419, 175 N. W. 784, 72 A. L. R. 1017, 1018. See, also, *Augustus v. Lewin*, 224 Ill. App. 376; *Hoyt v. London Guar. Co.*, 227 Ill. App. 92; *Edwards v. Centralia Coal Co.*, 227 Ill. App. 453; *Ferren v. Warren Co.*, 124 Me. 32, 125 Atl. 392. It does not appear that the employee did not have prompt medical and hospital service. On the contrary, it seems admitted that through a physician and hospital of its choosing, the lessee took immediate steps to make provision for such care. The claimant makes no claim otherwise, so far as appears. The lessor, acting with approval of the commission, supplied its own medical and hospital service, and "left posted on the premises occupied by the lessee, a notice to employees, as provided by the rules of the industrial commission, indicating the doctors and hospital selected by them [it]." As we have seen, neither

claimant for himself nor the lessee for him made avail of that provision. There is not the slightest intimation that such service was withheld. Out of it all, as we conceive, a controversy exists between the lessor and lessee as to which, if either, is bound to pay for the medical and hospital bills said to be owing to the doctor and hospital serving the claimant. In such situation, "the parties are relegated to the courts for an adjudication of the matter." *Associated Employers v. Industrial Com.*, 87 Okla. 16, 208 Pac. 798. It is not for us to indicate who or what entity may rightfully demand payment from whom or what other entity. Seemingly, Doctor Bartholomew and the Community Hospital of Boulder served the claimant, and they should be cognizant of the source of their employment, as well as the terms thereof.

We are not unmindful of *Industrial Com. v. Globe Indemnity Co.*, 74 Colo. 52, 218 Pac. 810; *Industrial Com. v. Lockard*, 89 Colo. 428, 3 P. (2d) 416, and other like cases relied upon by counsel as stating a contrary rule to our conclusion here. Briefly, those cases construed section 363, chapter 97, '35 C. S. A., a statute of limitation. Within a fixed time, and under circumstances, as provided there, unless within the limitation the employee had been paid compensation, compensation and benefits shall be barred. In those cases we held that if within the statutory time the employer had paid "hospital, surgical, and medical expenses of the claimant," to quote from one of our decisions, such action was equivalent to payment of compensation in the sense that it tolled the statute. We regard those cases as distinguishable. See *Industrial Com. v. Hammond*, 77 Colo. 414, 236 Pac. 1006.

Let the judgment be reversed, that orders consistent with this opinion may be entered.

Mr. Justice Young and Mr. Justice Knous concur.