HOFFMANN *v.* BROOKS CONSTRUCTION COMPANY.

[No. 27,700. Filed May 11, 1942.]

L. A. Todd, Lee J. Hartzell and Guy Nichols, all of Fort Wayne (Claude Cline, of Huntington, of counsel), for appellant.

Cooper, Royse, Gambill & Crawford, of Terre Haute, and Arthur W. Parry, of Fort Wayne, for appellee.

SWAIM, J.—The appellant, a physician, brought an action, on account, in the Allen Superior Court, No. 2, against the appellee for medical services rendered, between September 23, 1936, and May 16, 1938, to an employee of the appellee at the special instance and request of the appellee. An amended plea in abatement filed by the appellee alleged that the medical services rendered by the appellant were made necessary by reason of a blood stream infection which resulted from an accidental injury suffered by said employee, September 27, 1935, which injury arose out of and in the course of his employment by the appellee; that pursuant to the provisions of the Workmen's Compensation Act of 1929 (ch. 172, Acts of 1929, p. 536), the insurance carrier for the appellee had paid the appellant the sum of $288.00 for medical services rendered to said employee during the first thirty days after said accident; that by an award of the Industrial Board, made August 20, 1936, said employee was awarded compensation for a period of seventy-five weeks commenc-

ing September 27, 1935, and ending March 26, 1937; that on November 9, 1937, said employee filed a petition for a modification of said award on account of change in condition, alleging a recurrence of the blood stream infection and that the permanent partial impairment resulting from such injury had increased since the date of said award of August 20, 1936; that at the time of said accident and during all of the times mentioned in said complaint and in said plea in abatement, the appellee and said employee were operating under and pursuant to the terms and provisions of said Indiana Workmen's Compensation Act of 1929, and were bound by the provisions thereof; and that by reason of these facts the Allen Superior Court had no jurisdiction over the subject-matter of the appellant's cause of action.

Appellant's demurrer to this amended plea in abatement was overruled and the appellant, thereafter, filed an amended second paragraph of reply to the amended plea in abatement, in which the appellant alleged that on September 23, 1936, on which date the blood stream infection resulting from the accidental injury recurred in the body of the employee, said appellee employed the appellant to furnish medical and surgical services to said employee; that pursuant to the verbal contract between the appellant and the appellee, medical services were rendered to said employee extending from that time up until May 16, 1938, all of which services were rendered at the special instance and request of the appellee; and that a bill of particulars of said medical and surgical services so rendered by the appellant was filed with and made a part of said second paragraph of reply.

The appellee demurred to this paragraph of reply on the theory that "a specific contract for services ren-

dered to an employee . . . is invalid and of no effect, where the parties are operating under the provisions of the Workmen's Compensation Act of Indiana for 1929, and can not divest the exclusive jurisdiction of the Industrial Board. . . ." The demurrer was sustained by the trial court.

This appeal is predicated on the alleged errors of the trial court in overruling the appellant's demurrer to the amended plea in abatement and in sustaining the demurrer of the appellee to the amended second paragraph of reply to said plea in abatement. Both of these alleged errors present the same question, namely, whether the Allen Superior Court did, or did not, have jurisdiction to try and determine the appellant's action to recover for his services which were rendered under a specific contract with the appellee employer.

No question is raised as to the reasonableness of the amount charged by the appellant for such services, nor is the fact that he furnished such services questioned.

The appellant contends that the Workmen's Compensation Act, fairly interpreted, does not prevent his maintaining an action at law for medical services rendered by him under a contract with the employer; and that as to medical services rendered after the period during which the employer is compelled to furnish medical services the Industrial Board does not have the "power or authority to require such physician to submit such claims to the Industrial Board."

The appellee insists that the language of said act is broad enough to give the Industrial Board the exclusive jurisdiction to fix fees for all medical services rendered to an employee pursuant to the provisions of the act, no matter whether the fees are for services rendered within the time when the employer is required

to furnish such services or whether such services were rendered during the subsequent period when the furnishing of such services is optional with the employer.

Section 25 of the Workmen's Compensation Act (Acts of 1929, ch. 172, p. 536; § 40-1225, Burns' 1933 [Original Vol. VIII], § 16401, Baldwin's 1934), provides that during the first thirty days after an injury the employer shall furnish free of charge to the injured employee, the services of a physician and such surgical, hospital and nurses' services and supplies as the attending physician or the Industrial Board may deem necessary; that during the remainder of the period of disability the employer may continue to furnish such physician's services and supplies and that if treatment is necessary for a longer period than thirty days the Industrial Board may require the employer to furnish such treatment for an additional period not exceeding thirty days. The right of the employee to compensation is barred during the period of his refusal to accept such services and supplies when so provided by the employer. The last paragraph of said § 25 is as follows:

"If in an emergency or because of the employer's failure to provide such attending physician or such surgical, hospital or nurse's services and supplies as herein specified, or for other good reason, a physician other than that provided by the employer treats the injured employee within the first thirty (30) days, or necessary and proper surgical, hospital, or nurse's services and supplies are procured within said period, the reasonable cost of such service and supplies shall, subject to approval of the industrial board, be paid by the employer."

Section 65 of said Act (§ 40-1516, Burns' 1933, § 16441, Baldwin's 1934) provides that, "The fees of attorneys and physicians and charges of nurses and hospitals for services under this act shall be subject

to the approval of the industrial board." This section also provides the manner of fixing the amount of the claimant's attorney's fees and making such determination of fees a part of the award of the compensation to the appellee and also provides for the payment of such amount by the employer to the attorney from the compensation awarded to the employee.

The appellee, in addition to the above two sections of the act, also relies on § 55 thereof (§ 40-1506, Burns' 1933, § 16431, Baldwin's 1934), which gives the board power to "make rules not inconsistent with this act for carrying out the provisions hereof," and rule number 30 adopted by said board, on May 22, 1929, which is as follows:

"Unless otherwise ordered by the board all claims for physician's fees for attorney fees, and all disputes pertaining thereto will be heard at the office of the board. In such cases the parties may make their proof by oral testimony or by deposition or by affidavits, or by all of such methods."

This rule refers only to "claims" and would naturally be interpreted as applying only to claims properly filed with the board. The board, of course, could not by a rule enlarge the jurisdiction granted by the Legislature.

Neither of the above sections of the act expressly takes away from the physician the right to enforce his claim in a court of law. Nor does any other section of the act expressly abrogate such right. If the appellee's contention is to be maintained we must by interpretation read such provision into the above sections, either from a consideration of the act as a whole, or from the necessity of accomplishing the purpose for which the act was passed.

A consideration of the other provisions of the act, however, does not tend to prove the contention of the

appellee. Section 4 of the act (§ 40-1204, Burns' 1933, § 16380, Baldwin's 1934) provides that every contract of service between the employer and employee shall be presumed to have been made subject to the provisions of the act. We find no such provision regarding contracts between the employer and a physician to furnish medical services to the employee. Section 6 of the act (§ 40-1206, Burns' 1933, § 16382, Baldwin's 1934), provides that the rights and remedies granted to an employee under the act shall exclude all other rights and remedies of the employee by common law or otherwise. No provision of the act purports to expressly take away from the physician his right to recover, in an action at law, for services rendered under and pursuant to a contract with the employer.

Section 57 of the act (§ 40-1508, Burns' 1933, § 16433, Baldwin's 1934), provides that an agreement between the employer and employee, in regard to compensation to the employee, shall be voidable by the employee unless such agreement shall be filed with and approved by the Industrial Board. There is no provision of the act requiring an agreement between a physician and employer to be filed with and approved by the Industrial Board in order to be binding upon the employer.

In § 72 of the act (§ 40-1605, Burns, 1933, § 16448, Baldwin's 1934) it is provided that the insurance carrier by its policy shall assume, in full, all the obligation to pay physicians' fees "imposed upon or accepted by the insured under the provisions of 'The Indiana Workmen's Compensation Act'." The contract of an employer to pay a physician for services rendered to an employee, subsequent to the compulsory period for rendering such services, would be an obliga-

tion "accepted by the insured" for which the insurance company would be liable, whether the obligation be presented by a claim filed with the Industrial Board or by an action on account filed in court.

According to the title of the act (Acts of 1929, p. 536), the Legislature only intended "to abolish certain personal injury litigation." The title made no mention of abolishing litigation between physicians and employers arising on accounts of the physicians for services rendered to an employee pursuant to a contract between the physician and the employer.

Nor do we find in the purpose of this act any reason which would necessitate the interpretation for which the appellee contends. The act was passed for the benefit of the employee. We can see no benefit which would accrue to the employee by forcing a physician to file a claim for services rendered under a contract with an employer, with the Industrial Board, rather than in a court. Section 25, *supra,* provides that compensation for medical services rendered to the employee without the employer having authorized or contracted for such service shall be reasonable and the amount thereof subject to the approval of the Industrial Board. Where the employer contracts for such services for the employee, however, he is in a position to protect himself by either agreeing upon the amount for the services with the physician or by choosing a physician whose charges will be reasonable. We can see no valid reason for saying that if the physician may maintain an action for such services in a court an employer would thereby be discouraged from assuming the obligation of employing a physician beyond the period required by the statute. As to compensation for medical services the amount of which has not been agreed upon before the services are rendered, we can-

not assume that a court would allow an unreasonable amount. And we must also assume that the amount as allowed by the Industrial Board would be reasonable. For given service, therefore, the amount of the compensation, whether recovered through an award by the Industrial Board or by a judgment of the court would be the same, and, as we have pointed out above, the amount of the compensation for such medical services, even though recovered in an action in court, would be an obligation covered by and payable under the policy of insurance which the act requires the insurance carrier to furnish.

The Appellate Court of Indiana has rendered two decisions in which this question was raised. In *National Car Coupler Co.* v. *Sullivan* (1920), 73 Ind. App. 442, 126 N. E. 494, a physician filed a claim with the Industrial Board for services in the treatment of injuries suffered by an employee in an accident arising out of and in the course of his employment and, by an order and award of the full board, the physician was awarded compensation therefor against the employer who had employed the physician to treat the employee. The Appellate Court, on an appeal from the order, concluded that the Industrial Board was without jurisdiction to make such an order. The court thought that it was apparent that it was the intention of the Legislature by § 25 of the 1915 Workmen's Compensation Act (Acts of 1915, p. 392) to divide the fees of physicians into two classes; (1), where the fees had not been contracted for by the employer, to be subject to the approval of the Industrial Board, and (2), where such services were contracted for by the employer, the fixing of the fees for such services not to be within the jurisdiction of the Industrial Board. The Appellate Court was also of the opinion that the language of § 65

of said 1915 Act was not intended "to destroy the distinction made in the fees of physicians by the provisions of § 25 (of said act) and make all of such fees subject to the approval of the Industrial Board." The court there pointed out that as to fees for physicians' services contracted for by the employer, he was in a position to protect himself and that it was just as logical to assume that the Legislature intended by said § 65 of the 1915 Act to make the fees of attorneys hired by the employer to represent it before the Industrial Board subject to the approval of the Industrial Board as to make the fees of physicians hired by the employer subject to the approval of said board. This case was decided in 1920. Thereafter in 1929 a new Workmen's Compensation Act was passed but the two sections in question were reenacted without any material change which could affect the decision of this question.

In 1937, on an appeal from the Industrial Board from an order dismissing, for want of jurisdiction, the application of a hospital for adjustment of its compensation and an order for payment for services rendered to an employee at the instance and request of the employer, after the period for the compulsory furnishing of medical services and supplies, the Appellate Court overruled its decision in *National Car Coupler Co.* v. *Sullivan, supra,* and held that the Industrial Board did have jurisdiction of the hospital's claim. *Union Hospital* v. *S. P. Brown & Co.* (1937), 104 Ind. App. 430, 438, 11 N. E. (2d) 520. In this latter case the court relied upon *In re Kelly* (1917), 64 Ind. App. 594, 116 N. E. 306; *In re Meyers* (1917), 64 Ind. App. 602, 116 N. E. 314, and *Kirkhoff Bros.* v. *McCool* (1917), 64 Ind. App. 645, 116 N. E. 439, in each of which cases both the Industrial Board and the Appellate Court had apparently assumed that the Industrial Board had jurisdic-

tion to adjust and allow a physician's claim for services against the employer and the insurance carrier even though the services were rendered under a contract with the employer. In none of these cases, however, was the question of such jurisdiction raised or discussed. The opinions therein dealt only with the question of the liability of the employer or of the insurance carrier under the particular circumstances presented in each of those cases. The question of the jurisdiction of the Industrial Board to pass on such claims was first presented in *National Car Coupler Co.* v. *Sullivan, supra.* In *Union Hospital* v. *S. P. Brown and Co., supra,* the Appellate Court pointed out that the 1919 Legislature had reenacted § 25 of the Workmen's Compensation Act of 1915 after the three 1917 decisions of the Appellate Court; and that the 1919 Legislature "in no way evinced any desire or intention to limit the force or effect of the interpretation and application of the language of the act contained in the decisions in the Kelly, Meyers, Henderson, and Kirkhoff cases, *supra.*" The Appellate Court failed to point out, however, that the 1929 Legislature again reenacted § 25 and § 65 of said Act without evincing any desire or intention to overcome the intervening decision in the National Car Coupler case, *supra,* which expressly held and decided that the Industrial Board did not have jurisdiction to determine claims of physicians for services rendered pursuant to a contract with the employer.

If the rule announced by the Appellate Court to the effect that the "re-enactment of these features of the Workmen's Compensation Act after their construction must be deemed a legislative adoption of the construction thus given it" be correct, the reenactment of the said §§ 25 and 65 by the 1929 Legislature after the

express construction thereof in 1920 by the Appellate Court in the National Car Coupler case, *supra,* would necessarily show a legislative adoption of the construction that the Industrial Board did not have jurisdiction over claims of physicians for services rendered to an employee pursuant to employment by the employer. In the Union Hospital case, *supra,* however, the Appellate Court disposed of the National Car Coupler case, *supra,* by simply holding that "Insofar as the opinion in that case is in conflict with the opinion in the case at bar (Union Hospital case), it is overruled."

Nor do the decisions of the courts of other states support the appellee's contention. As said in 71 C. J. 781, § 498:

"As a general rule the compensation acts are not concerned with the rights of attending physicians or surgeons, since they usually apply only to the relations between the employer, or his insurance carrier, and the injured employee; therefore a physician or surgeon who had attended an employee at the direction of, or by contract with, the employer or insurer is not generally bound or limited by the acts in charging for or recovering for his services."

See, also, 72 A. L. R. 1016, ann.

We find many decisions from other states, under statutes similar to ours, holding that the physician may resort to courts of law to enforce his claim against an employer for services in caring for an injured employee at the employer's request. The Supreme Court of Wisconsin, in *Noer* v. *G. W. Jones Lumber Co.* (1920), 170 Wis. 419, 175 N. W. 784, decided that a provision of the Wisconsin Workmen's Compensation Act which gave the Industrial Commission of that State jurisdiction to pass upon the reasonableness of medical bills in all cases of dispute where compensation is paid, did

not impair the physician's right to enforce his claim against the employer in the courts.

The New York Workmen's Compensation Law has a general section on the medical care to be furnished by the employer similar to § 25 of our Indiana Act and also has a section which provides that "claims for services or treatment rendered or supplies furnished pursuant to § 13 of this chapter, shall not be enforceable unless approved by the commission." Laws 1914, c. 41, as amended.

In *Feldstein* v. *Buick Motor Co.* (1921), 115 Misc. Rep. 170, 174, 187 N. Y. S. 417, 419, the court in discussing the New York Statute said:

> "No attempt to regulate private arrangements entered into between the employer and the physician he might select is either expressly made or by implication to be spelled out of its provisions, and wisely so for in no way could that be a matter of public concern. Nor is there any plan or schedule set forth for enforcement thereof. Recourse to a court of law, therefore, follows as the sole remedy in the absence of a proper, expressed, and comprehensive provision for enforcement under the act."

Again in *Weinreb* v. *Harlem Bakery & Lunch Room, Inc.* (1923), 204 App. Div. 292, 294, 197 N. Y. S. 833, 834, in deciding that the Workmen's Compensation Law of New York did not confer exclusive jurisdiction on the compensation commission to determine the value of physicians' charges in such a case, the court said:

> "If the employer hires the physician, it is simply a matter of contract between the physician and employer. If the amount to be paid is stipulated, the physician is entitled to that sum. If no amount is named, the physician is entitled to receive the reasonable value of his services. A failure to pay gives rise to a common-law action that may be prosecuted in the courts."

See, also, *Farren* v. *Warren Co.* (1924), 124 Me. 32, 125 A. 392.

In *Zamkin* v. *United States Fidelity & Guaranty Co.* (1923), 121 Misc. Rep. 669, 201 N. Y. S. 712, it was held that the insurance carrier was liable for the amount of a judgment recovered in an action by a physician in a court against an employer for services rendered to the employee.

The last paragraph of § 16 of the Workmen's Compensation Act of Illinois, as amended in 1917, Laws of Illinois, 1917, p. 490, provided that the board should have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with the act and for which payment is to be made under the act. The Illinois act further provided in subparagraph (c), § 19 of said act, as amended in 1919, Laws of 1919, p. 538, as follows:

> "The fees and the payment thereof of all attorneys and physicians for services authorized by the Commission under this Act shall, upon request of either the employer or employee or the beneficiary affected, be subject to the review and decision of the Industrial Commission."

In deciding that this language did not deprive a physician of his right to maintain a court action where he had rendered services at the request of an employer the court in *Augustus* v. *Lewin* (1922), 224 Ill. App. 376, 379, said:

> "The theory upon which our Compensation Act is based is that the parties to whom it applies, the employer and his employees, must voluntarily elect to come under its provisions. It is only when they have so elected that the act deprives the courts of their jurisdiction to enforce contractural terms between them. The manner in which they shall come under the act is distinctly provided for, but there

is no provision in the act by which physicians may voluntarily come under its provisions."

To the same effect see *Hoyt* v. *London Guar. & Acc. Co., Ltd., et al.* (1922), 227 Ill. App. 92.

We hold that the Indiana Workmen's Compensation Act of 1929 did not deprive a physician of the right to recover in an action at law against an employer for services rendered to an employee, under a contract with the employer; that the Allen Superior Court, No. 2, did have jurisdiction to hear and determine the appellant's action; and that it erred in overruling the demurrer of the appellant to the amended plea in abatement and in sustaining the demurrer to the amended second paragraph of reply to said amended plea in abatement.

The judgment is reversed with instructions to the trial court to sustain the demurrer to the amended plea in abatement and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 41 N. E. (2d) 613, 143 A. L. R. 1256.