ATTORNEY FOR APPELLANT
Donald R. Wright
Rudolph, Fine, Porter & Johnson, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Frances H. Barrow
Deputy Attorney General
Indianapolis, Indiana

## In the
## Indiana Supreme Court

**FILED**
Nov 03 2009, 1:10 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 93S02-0812-EX-642

JAMES KOHLMEYER,                                    *Appellant (Plaintiff below),*

v.

SECOND INJURY FUND,                                *Appellee (Defendant below).*

Appeal from the Indiana Worker's Compensation Board, No. C-147791

On Transfer from the Indiana Court of Appeals, No. 93A02-0711-EX-1000

**November 3, 2009**

**Dickson, Justice.**

Indiana's statutory worker's compensation scheme enables certain totally disabled workers who have exhausted the maximum benefits from their employers to seek additional compensation from the Second Injury Fund. The principal disputes in this case are (1) whether a worker's Social Security Act disability benefits are includable in calculating whether the worker qualifies to access the Second Injury Fund, and (2) whether the language in the award stipulation of the worker and his employer, which was approved by the Worker's Compensation Board, is binding upon the Board as to the worker's right to access benefits from the Second Injury Fund.

The underlying facts are undisputed. James Kohlmeyer (the worker) sustained a back

injury in October 1996 while working for H.B. Zachry Company (the employer). The worker received temporary total disability benefits and medical services until the employer terminated payments, concluding that the worker had reached a state of maximum medical improvement. In October 1998 the worker filed a claim with the Indiana Worker's Compensation Board, challenging the cessation of his temporary total disability benefits and claiming entitlement to statutory medical treatment.

The October 1998 claim was resolved on April 2, 2001, when the Board approved and adopted a stipulation signed by the worker and the employer. Appellant's App'x at 11. Among other things, the stipulation resolved the parties' dispute as to the worker's "right to recover benefits for alleged permanent total disability and alleged future medical benefits," *id*. at 7, by stipulating that the worker was permanently totally disabled as a result of his work injuries and that in lieu of further medical care, the employer would pay the worker $85,000 in the form of lump sums for unpaid temporary disability benefits, for part of his anticipated medical expenses, for attorney fees and expenses, and for the purchase of annuity to provide payments of $1,000 per month through August 1, 2006. The stipulation declared that this payment satisfied the worker's "claims for worker's compensation disability benefits in coordination with social security benefits," *id.* at 7, and that it was "calculated to be coordinated with [the worker's] receipt of Social Security Disability benefits." *Id*. at 8. It appears that such coordination of benefits, allowing Social Security Disability benefits to substitute for part of the benefits that might have been payable by the employer, enabled the worker and his son to receive total payments "substantially in excess" of those available solely under the Worker's Compensation Act.[1] Appellant's Br. at 5, *see also* Appellant's App'x at 16, 17. The stipulation also provided that "at the conclusion of five hundred (500) weeks from the date of the injury plaintiff shall be eligible to petition the Worker's Compensation Board of Indiana for second injury funds" and twice additionally expressly reserved the worker's "right to apply for additional compensation from the Second Injury Fund." Appellant's App'x. at 9.

In 2006 the worker applied to the Worker's Compensation Board for benefits from the

---

[1] We note that when a worker receives both state worker's compensation and federal Social Security Disability benefits, the combined monthly benefits are capped at 80% of the worker's average pre-disability earnings. 42 U.S.C. § 424a(a).

Second Injury Fund. At the ensuing hearing, the Single Hearing Member denied the worker's claim, finding that 500 weeks of disability benefits at the worker's temporary total disability rate would have totaled $154,665, that the total of temporary total disability payments made to the worker "together with the payments received pursuant to the Agreement results in a total figure no more than . . . $136,381.82," and that the worker thus "has not exhausted the maximum benefits as defined in Indiana Code 22-3-3-13(h), a pre-condition to entry into the Second Injury Fund." *Id.* at 19. The Single Hearing Member's decision was affirmed and adopted by the Full Board. *Id.* at 23. The worker instituted this appeal against the Fund. The Court of Appeals affirmed. <u>Kohlmeyer v. Second Injury Fund</u>, 888 N.E.2d 281 (Ind. Ct. App. 2008). We granted transfer.

## 1. Inclusion of Social Security Act Disability Benefits Under the Statute

The worker first contends that he is entitled to Second Injury Fund benefits because, in addition to remaining totally disabled, his receipt of 500 weeks of disability payments "in the amount of $165,405.43 with $29,023.61 of said amount being Social Security Disability payments" exceeds the $154,665.00 threshold required for him to qualify. Appellant's Br. at 8. The Fund responds that the worker's entitlement to Second Injury Fund benefits requires that the eligibility threshold be exhausted exclusively by "payments under the Worker's Compensation Act, not from outside sources such as Social Security." Appellee's Br. at 4.

The relevant statutory subsections provide:

(h) If an employee who is entitled to *compensation* under IC 22-3-2 through IC 22-3-6 either:
   (1) . . . ; or
   (2) exhausts the employee's *benefits under section 10 of this chapter*;
then such employee may apply to the board, who may award the employee *compensation* from the second injury fund established by this section, as follows under subsection (i).

(i) An employee who has exhausted the employee's maximum *benefits under section 10 of this chapter* may be awarded additional *compensation* equal to sixty-six and two-thirds percent (66 2/3 %) of the employee's average weekly wage at the time of the employee's injury, not to exceed the maximum then applicable under section 22 of this chapter, for a period of not to exceed one hundred fifty (150) weeks upon competent evidence sufficient to establish:

3

(1) that the employee is totally and permanently disabled from causes and conditions of which there are or have been objective conditions and symptoms proven that are not within the physical or mental control of the employee; and
(2) that the employee is unable to support the employee in any gainful employment, not associated with rehabilitative or vocational therapy.

Ind. Code §§ 22-3-3-13(h)–(i) (emphasis added). The worker argues that the word "compensation" refers to Worker's Compensation disability payments but that the exhaustion of "benefits" in subsection (h)(2) refers to "the exhaustion of the amount of benefits for permanent total disability, without designating a particular source of payment, in order for the interpretation of the [Act] to be liberally construed in favor of employees and beneficiaries." Appellant's Reply Br. at 3.

To the contrary, we find that the unambiguous statutory language does not authorize Second Injury eligibility to be calculated by including the receipt of benefits other than specific benefits provided under the Act. Subsections (h)(2) and (i) each specifically condition eligibility by requiring exhaustion of the employee's "benefits *under section 10 of this chapter*." Thus the word "benefits" is expressly qualified by "under section 10 of this chapter." Section 10 prescribes the calculation of benefits payable under the Act by an employer to an injured worker for various injuries, including total permanent disability. Ind. Code § 22-3-3-10. It makes no reference to benefit payments from any source outside of the Act.

We conclude that the Indiana Worker's Compensation Act does not direct that the worker's receipt of Social Security Act benefits be included in determining his eligibility for Second Injury Fund compensation.

### 2. Effect of Board's Approval of Stipulation

The worker alternatively argues that he is eligible for Second Injury Fund compensation because of the Board's express approval of the stipulation resolving his worker's compensation claims against his employer. As noted above, the agreed stipulation provided for the satisfaction of the worker's "claims for worker's compensation disability benefits in coordination with social security benefits," Appellant's App'x. at 7; recognized that the agreed settlement was "calculated to be coordinated with [the worker's] receipt of Social Security Disability benefits," *id*. at 8; and

4

provided that the worker "shall be eligible to petition the Worker's Compensation Board of Indiana for second injury funds," twice also expressly reserving the worker's "right to apply for additional compensation from the Second Injury Fund." *Id.* at 9. The stipulation also declared that the worker is "permanently totally disabled as a result of said work related injuries." *Id.* at 7. The Board, by action of a Single Hearing Member, expressly found that the stipulation "should be approved and adopted." *Id.* at 11.

The Fund acknowledges that the stipulation provided that the worker was permanently totally disabled but argues in response that the Board's approval of the stipulation "was not a finding that [the worker] was eligible for Second Injury Fund benefits or that he is permanently totally disabled," but was only "for the purpose of resolving their differences and avoiding the uncertainty and expense of litigation." Appellee's Br. at 6.

On this issue, this case parallels <u>Mayes v. Second Injury Fund</u>, 888 N.E.2d 773 (Ind. 2008). In <u>Mayes</u>, we found that the Worker's Compensation Board, by its approval of an agreement between the employer and employee, subjected the Second Injury Fund to liability that would not have existed absent such action by the Board.

In <u>Mayes</u>, a worker's eligibility for Second Injury Fund benefits was disputed on grounds that a third party settlement had relieved the Fund of liability. We noted that "[a]n employer acting outside the purview of the worker's compensation system does not have the unilateral authority to bind the Second Injury Fund to an agreement to assume liability where liability would otherwise terminate by statute," and that the Board would have the right to disapprove such agreement. *Id.* at 778. Because the Board approved the agreement, however, we held that "the Second Injury Fund has waived the right" to claim non-liability due to a statutory provision. *Id.*

As in <u>Mayes</u>, the Board here, in approving and adopting the parties' agreed stipulation and ordering its implementation, thereby accepted the stipulated facts and waived its right to disallow inclusion of the worker's Social Security Disability benefits in calculating whether the worker had met the exhaustion of benefits prerequisite.

5

The Fund also argues that the "the parties only agreed that [the worker] had the '*right to apply* for additional compensation from the Second Injury Fund,' not that he would be eligible." Appellee's Br. at 6 (internal citation omitted). As can be seen in the previously quoted passages from the approved stipulation, there is language expressly reserving the worker's right "to petition" and "to apply" for additional compensation from the Second Injury Fund. Appellant's App'x at 9.

To receive compensation from the Second Injury Fund, a worker must not only have exhausted the maximum benefits threshold but also must establish two additional statutory prerequisites:

> (1) that the employee is totally and permanently disabled from causes and conditions of which there are or have been objective conditions and symptoms proven that are not within the physical or mental control of the employee; and
> (2) that the employee is unable to support the employee in any gainful employment, not associated with rehabilitative or vocational therapy.

Ind. Code § 22-3-3-13(i). While it may be argued that the first of these prerequisites is substantially established by the approved stipulation's declaration that the worker was "permanently totally disabled as a result of said work related injuries," Appellant's App'x. at 7, the second prerequisite is not addressed in the factual stipulation, leaving it for determination at the time of Second Injury Fund application. It was thus reasonable for the language of the parties' agreed stipulation of April 2001 to speak of the worker's future right to apply for Second Injury Fund compensation. This is entirely consistent with language in paragraph 11 of the stipulation: "The plaintiff acknowledges that the Board shall determine his eligibility for the second injury fund benefits at such time as he may make an application for benefits for the second injury fund." *Id.* at 9.

In settling his dispute with his employer, the worker negotiated an agreement under which the employer avoided future medical expenses and the risk of full payment of the worker's claim for permanent and total disability benefits. In return, the worker received the employer's stipulation that the worker was totally and permanently disabled as a result of work related injuries and that, combining payments from the employer and Social Security Disability benefits, the worker had exhausted his maximum worker's compensation benefits from his employer and thus

6

was entitled to seek compensation from the Second Injury Fund.

As we observed in <u>Mayes</u>, where there is a "plausible dispute about whether the Board's action constituted an approval, we conclude that its action should be treated as such in light of the fact that the worker's compensation scheme is designed for the benefit of employees, a benefit to be liberally construed." 888 N.E.2d at 777 (citing <u>Hoffman v. Brooks Constr. Co.</u>, 220 Ind. 150, 157–58, 41 N.E.2d 613, 615–16 (1942)).

We find that the Worker's Compensation Board, by approving the parties' stipulation, determined that the worker was permanently totally disabled from his work related injuries and that the employer-paid worker's compensation benefits could be combined with the worker's Social Security Disability benefits, thereby determining that the worker's combined benefits satisfied the $154,665 threshold prerequisite for eligibility for additional compensation by the Second Injury Fund.

**Conclusion**

Although the Indiana Worker's Compensation Act does not direct that a worker's receipt of Social Security Act benefits be included in determining his eligibility for Second Injury Fund compensation, the Worker's Compensation Board's express approval of the parties' stipulation in this case operates to establish that the worker, James Kohlmeyer, was permanently and totally disabled from work related injuries and that he met the maximum benefits prerequisite for Second Injury Fund eligibility. The Order of the Full Worker's Compensation Board, affirming the Single Hearing Member's decision, is hereby reversed.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.

7