## F. M. Edwards, Appellee, v. Centralia Coal Company, Appellant.

WORKMEN'S COMPENSATION—*jurisdiction of physician's claim for services rendered employee at employer's request.* The court, and not the Industrial Commission, has jurisdiction of a physician's suit against the employer for compensation for services rendered to an injured employee at the employer's request, notwithstanding the provisions of the Workmen's Compensation Act, sec. 8a, Cahill's Ill. St. ch. 48, ¶ 208, requiring the employer to provide medical services, or of section 16, Cahill's Ill. St. ch. 48, ¶ 216, empowering the board to determine the reasonableness of fees charged for services rendered under the act, or of section 19c, Cahill's Ill. St. ch. 48, ¶ 219, authorizing the commission to appoint a physician and fix his compensation, especially where it is not shown that any proceeding was ever instituted under the act by the employee.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed November 16, 1922.

JONAS & BRANSON, for appellant; GEORGE D. ANTHONY, of counsel.

ELBERT B. VANDERVORT, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellee is a physician and was employed by appellant to care for an employee who was injured in the course of his employment. He sued to recover for his services and appellant filed a plea to the jurisdiction of the court on the ground that it is a matter to be determined by the Industrial Commission. A demurrer was sustained thereto and appellant having elected to stand by its plea, the court entered judgment for the amount of appellee's claim.

Appellant bases its contention on the following sections of the Workmen's Compensation Act:

Sec. 8a. "The employer shall provide the necessary

first aid medical and surgical services; * * * also all necessary medical and surgical services for a period not longer than eight weeks, not to exceed, however, an amount of two hundred dollars, and in addition such medical or surgical services in excess of such limits as may be necessary during the time such hospital services are furnished. * * * The employee may elect to secure his own physician, surgeon or hospital services at his own expense."

Sec. 16. "* * * The board shall have the power to determine the reasonableness and fix the amount of any fee or compensation charged by any person for any service performed in connection with this Act, or for which payment is to be made under this Act or rendered in securing any right under this Act."

Sec. 19c. "The Industrial Commission may appoint, at its own expense, a duly qualified, impartial physician to examine the injured employee and report to the Commission. The fee for this service shall not exceed five dollars and traveling expenses, but the commission may allow additional reasonable amounts in extraordinary cases. The fees and the payment thereof of all attorneys and physicians for services authorized by the commission under this Act shall, upon request of either the employer or the employee or the beneficiary affected, be subject to the review and decision of the Industrial Commission." [Cahill's Ill. St. ch. 48, ¶¶ 208, 216, 219.]

It is apparent that, under section 8a, the employer is required to provide the necessary medical and surgical services therein specified. If he provides and pays for such services the employee would not be entitled to recover anything under this clause. It is also contemplated that when an employee is injured the employer should be notified, as he has the right to select the attending physician. 28 R. C. L. 822; 7 A. L. R., note 545. If the employer should fail or refuse to provide such services upon notice, the employee would be at liberty to select a physician and the employer would have to pay for the same to the extent specified in said section as a part of the employee's compensa-

tion. 7 A. L. R., note 545. In such case the board is required by section 16 to determine the reasonableness and fix the amount thereof.

It is evident that section 19c has no application to a case like the one at bar. By its express terms it applies only to fees and the payment thereof of all attorneys and physicians for *services authorized by the commission* under the act.

Suppose an employer retains an attorney to defend a proceeding brought by an injured employee before the Industrial Commission and after the services are rendered a controversy arises as to the value thereof. The service is, in a sense, one performed in connection with the act, and yet no one would seriously contend that the attorney should present his claim to the Commission for adjudication instead of resorting to the courts. While there is some difference between the supposed case and the one at bar, yet the principle must be the same.

In the case at bar it does not appear that the injured employee ever instituted a proceeding for compensation under the act. It may be that appellant voluntarily paid the full amount due him or his beneficiaries. If so, would appellee be required to submit his claim to the commission instead of resorting to the courts?

We find nothing in the Workmen's Compensation Act that makes it obligatory upon a physician, who is retained by an employer to treat his injured employee, to submit his claim for such services to the Industrial Commission for its determination, nor is jurisdiction conferred upon said commission to do so. In our opinion the court properly sustained the demurrer to the plea and the judgment should be affirmed.

*Affirmed.*