**The Beverly Country Club, Appellee, v. Massachusetts Bonding and Insurance Company, Appellant.**

**Gen. No. 35,951.**

Heard in the second division of this court for the first district at the April term, 1932. Opinion filed November 22, 1932.

HAROLD J. ROSS and PETER F. SCHRAMM, for appellant.

LITSINGER, HEALY, REID & BYE, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The Beverly Country Club, a corporation, sued Massachusetts Bonding and Insurance Company, a corporation, in the municipal court of Chicago in a "fourth class contract case." To an amended statement of claim the defendant filed a motion "to dismiss the cause for want of jurisdiction of the subject matter," which motion was overruled, and thereupon the defendant moved to strike the amended statement of claim for insufficiency, which motion was also overruled, and the defendant "electing to stand by the motions," the court assessed the plaintiff's damages at the sum of $216 "on the plaintiff's affidavit of claim," and judgment was entered for that amount. The defendant has appealed.

The plaintiff's amended statement of claim alleges:
"That on September 13, 1930 . . . it carried insurance under a policy issued by . . . the defendant herein, . . . dated October 30, 1929, a copy of said policy being attached hereto . . . ; that the policy so issued was the standard workmen's compensation and employers' liability policy, and that said defendant company herein agreed with the plaintiff, named and described as employer in the declarations forming a part of said policy as respects personal injuries sustained by employees, as follows:

" 'To pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due and all installments thereof as they become due.

" '(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an endorsement attached to this Policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

" '(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law';

that it was further agreed . . . and . . . stipulated in said policy, that all of the provisions of the Workmen's Compensation Law of the State of Illinois shall be and remain a part of the contract between said parties . . . as fully and completely as if the provisions of said law were written in said policy of insurance; that one of the provisions of the Workmen's Compensation Law . . . in case of acci-

dental injuries arising out of and in the course of employment is as follows, to-wit:

" 'The employer shall provide the necessary first aid medical and surgical services and all necessary medical, surgical and hospital services thereafter, limited, however, to that which is reasonably required to cure or relieve from the effects of the injury.'

that on September 13, 1930 one Fred Knipper, an employee of the plaintiff, was injured in the course of his employment, and the said injury received by him grew out of his employment as an employee of the plaintiff; that following said injury it became and was necessary for the defendant to provide hospital, medical and surgical services and treatment for said injured employee; that an expense of Sixty Six Dollars was incurred at the Illinois Central Hospital . . . and the further expense of One Hundred Fifty Dollars for the services of Dr. Beveridge H. Moore, . . . that the expenses thus incurred were reasonably required to effect a cure or relief from said injury and were properly incurred, in accordance with the aforesaid provision of said Workmen's Compensation Law of Illinois; that a demand was made upon the defendant company to pay said bills . . . and upon the refusal of said defendant company to pay said bills the plaintiff paid the same and then made a further demand upon the defendant company to reimburse it for the payment thereof; that the defendant company has repeatedly refused and neglected to reimburse the plaintiff on account of the payment of the aforesaid medical, surgical and hospital bills and that the plaintiff therefore brings its suit," etc.

Attached to the statement of claim is a copy of the policy.

The major contention of the defendant is that "the Municipal court was without jurisdiction to pass judgment on the subject-matter of the claim sued upon,

or to determine liability in the case, or enforce payment of the claim." In support of this contention the defendant argues that the liability of an employer for medical, surgical, and hospital services did not exist until the passage of the Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.;* that the industrial commission has sole and exclusive jurisdiction to determine the liability of the employer for such expenses; that "the liability of an insurer is exactly co-extensive with, and to be enforced by the Industrial Commission in like manner, as the liability of the employer," and that "by making the provisions of the Workmen's Compensation Act part of the policy the insurer and employer gave the Industrial Commission jurisdiction to determine liability for payments due under the Act," and the defendant further argues that to permit an employer to pass upon the validity of the claims and to secure reimbursement in a court of common law for such as he might decide to pay, would be to place the insurer at the mercy of an unscrupulous or dishonest employer working in collusion with his employee, and that "it was for this reason and to facilitate the disposition of such claims that the Industrial Commission was given jurisdiction to pass primarily and finally upon the liabilities of insurers under the Workmen's Compensation Law, as well as the liability of employers (Sec. 28—chapter 48—Cahill's Revised Statutes 1931)."

Our Supreme Court has frequently stated that the Workmen's Compensation Act is designed to protect workmen and compensate them for injuries received while performing any duty necessary to be performed in the course of their employment or incident to it. Under the act, the claim for compensation must be made by the party or the person entitled to compensation, in person or by or through some person who is authorized as the agent or attorney of such party to

make such demand, and "the demand for compensation by the proper claimant is jurisdictional and that if not made within the time required by the Compensation act the claim for compensation ·is barred." (*Northwestern Malt Co. v. Industrial Com.*, 313 Ill. 534, 538; *Neenan v. Industrial Com.*, 329 Ill. 48, 55.) Section 28 of the act, which the defendant cites in support of its contention, provides: "In the event the employer does not pay the compensation for which he is liable, then an insurance company, association or insurer which may have insured such employer against such liability shall become primarily liable to pay to the employee, his personal representative or beneficiary, the compensation required by the provisions of this Act to be paid by such employer. The insurance carrier may be made a party to the proceedings to which the employer is a party and an award may be entered jointly against the employer and the insurance carrier." Cahill's St. ch. 48, ¶ 228. In *Equitable Underwriters v. Industrial Com.*, 322 Ill. 462, 468–9, the court said: "The provisions set forth in the first sentence of said section 28, now in force, are plain, unequivocal and positive to the effect that if the employer does not pay the compensation for which he is liable, then an insurance company which may have insured such employer against such liability shall become primarily liable to pay to the employee, his personal representative or beneficiary, the compensation required by the provisions of this act to be paid by such employer. This provision gives the employee a right to proceed directly and solely against the insurance company if the employer insured by it does not pay the compensation for which he is liable. The proceeding should be brought before the Industrial Commission, *and it is contemplated by this section that a proceeding has already been brought against the employer insured* and his liability estab-

lished and that the employer has refused or does not pay the compensation for which he is held liable. The plain and unequivocal provisions set forth in the second sentence of that section are, that such insurance carrier may be made a party to the proceedings before the Industrial Commission to which the employer is a party, and that an award may be entered jointly against the employer and the insurance carrier if a liability is established against the employer. This right to the employee so injured is unlimited, and we hold that the proceedings may be brought against the insurance carrier either before or after the employer's liability has been established and an award made against him and the insurance carrier be held liable in a joint award against it and the employer.'' (Italics ours.) It is clear, therefore, that before the commission can obtain jurisdiction against an insurance company, a proceeding brought by the employee against the employer under the act, must first be commenced. In the case last cited the court further held (p. 470) that the rights of the employee under a contract of insurance and under the provisions of the act were in no way controlled by the rights of the insured or the employer against the insurance company. In other words, section 28 is intended to aid the employee, not the employer, and unless the commission has acquired jurisdiction through the filing of a claim by the employee in apt time it would have no jurisdiction to proceed in any way against the insurance company. The claim of the plaintiff is not based upon the theory that there has been an award against it before the commission and that it has paid the same and therefore the defendant, under the policy, is obligated to reimburse it for the amount so paid; nor does it proceed upon the theory that the employee ever filed a claim before the commission; nor does the defendant by apt pleading set up that there had been a proceed-

ing of any kind before the commission. On the contrary, the defendant takes the position that the plaintiff, under the act and the contract, could assert its claim only before the commission. The defendant's position, if sustained, would amount to this: The plaintiff in the instant case, in obedience to the mandate of section 8 (a), par. 208, of the act, provided first aid to the employee, but because the latter did not file a claim before the commission the former has no forum in which it can assert its claim under the policy against the defendant. The act does not contemplate such an unjust consequence, nor does it intend that the commission shall hear and determine claims like the instant one, in which the employee has no financial interest.

The only authority cited by the defendant in support of its contention is *Hill v. Kerens-Donnewald Coal Co.*, 210 Ill. App. 560. There it appears that the employee sued the employer under the Compensation Act, in the circuit court, and the decision has no bearing upon the instant contention. The plaintiff cites *Augustus v. Lewin*, 224 Ill. App. 376, and *Edwards v. Centralia Coal Co.*, 227 Ill. App. 453, but it admits that these cases ''are not exactly in point with the case at bar'' but argues that the principle involved is the same. While the reasoning in these two cases may have some bearing upon the question before us they are, under the facts, not controlling. The argument of the defendant that if its contention is not sustained such ruling would, in effect, ignore that part of the policy which provides that the provisions of the Compensation Act shall be a part of the contract, is without merit, because in the instant proceeding the plaintiff would be obliged to prove that the injured employee came under the act, that he was injured in the course of his employment, etc. Upon a careful consideration of the contention of the defendant, we are satisfied that it is without merit.

The plaintiff sued the defendant in a "fourth class contract action" and the contention of the defendant that "the amended statement of claim did not set forth a cause of action, and was insufficient, vague, and indefinite," and should have been stricken, is without merit.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

KERNER, P. J., and GRIDLEY, J., concur.