(No. 2245—)

FRED EWING, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 26, 1934.*

CARL BEHRMAN and ROBERT N. KAVANAUGH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On September 12, 1933 claimant filed his complaint herein seeking to recover compensation for injuries sustained by him on December 24, 1930. Claimant at the time of the accident was an officer of the State Highway Police and was bitten on the left hand, while making an arrest in the course of his duties. As the result of such bite, the claimant became infected with syphilis. He claims that his condition is incurable and bases his right to an award upon the terms and provisions of the Workmen's Compensation Act. The records of the State Police show that the State has paid Five

Hundred Fifty-two Dollars and Fifty-four Cents ($552.54) for medical services and hospital bills for claimant, and also show that the claimant "was paid his full salary during the time he was injured."

The Attorney General has filed a motion to dismiss for the reason that no claim for compensation was made within six (6) months after the accident and no application for compensation was filed within one year after the injury or the last payment of compensation, as required by the terms and provisions of Section Twenty-four (24) of the Workmen's Compensation Act.

The law is well established in this State that the making of claim for compensation within six (6) months after the accident is jurisdictional, and is a condition precedent to the right to maintain a proceeding under the Workmen's Compensation Act. (*Haiselden* vs. *Ind. Board*, 275 Ill. 114; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Beverly Country Club* vs. *Massachusetts Bonding Co.*, 268 Ill. App. 380.)

It has also been held that where the application for compensation is not filed within one year after the date of the injury or within one year after the date of the last payment of compensation, the claim is absolutely barred. (*Duquoin School District* vs. *Ind. Com.*, 329 Ill. 543; *Chicago Board of Underwriters* vs. *Ind. Com.*, 332 Ill. 511.)

There is nothing in the complaint to show a compliance with the requirements of Section Twenty-four (24) of the Workmen's Compensation Act above referred to, and the motion of the Attorney General must therefore be sustained.

Motion sustained. Case dismissed.