No. 15,144.

ZIMMERMAN, ADMINISTRATRIX *v.* INDUSTRIAL
COMMISSION ET AL.
(127 P. [2d] 878)

Decided June 29, 1942.

Mr. ADDISON M. GOODING, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Mr. WILLIAM R. ARTHUR, JR., Mr. WM. O. DeSOUCHET, for defendants in error.

*En Banc.*

MR. JUSTICE JACKSON delivered the opinion of the court.

THIS case under the Workmen's Compensation Act originated before the Industrial Commission, which entered an award in favor of claimant, Frank Brack, in the amount of $6,095.00 for injuries sustained in the course of and arising out of his employment as a manager or foreman of the Block Coal Company, a partnership operating the Block mine, a small wagon mine in Routt county. The district court of Routt county, in an action instituted therein by the administratrix of the Estate of E. H. Zimmerman, deceased, plaintiff in error here, sustained the award of the Industrial Commission, to review which ruling a writ of error was sued out in this court. The same parties were before us on another phase of the case, our opinion being reported in 108 Colo. 552, 120 P. (2d) 636.

The record shows that the injury to claimant Brack occurred on November 6, 1939; that on March 14, 1940, and well within the six-months statutory period, he filed his workmen's notice and claim for compensation on the regular form supplied by the Industrial Commission. In this notice he named as his employer the partners of the Block Coal Company, Zimmerman, although having received prompt oral notice of the injury, was not named in this written notice. His relation to the litigation is

disclosed by the following portion of the findings of the referee of the Industrial Commission:

"On November 6, 1939 [the date of the accident] the Block Coal Company, a co-partnership, was operating as the lessee of one Ed Zimmerman who held the Block coal mine by reason of a lease issued to him by the United States. The referee finds that Ed Zimmerman on November 6, 1939, came within the provisions of Section 49 of the Workmen's Compensation Act of Colorado as a person engaged in or conducting the operation of the Block coal mine by leasing, and was, therefore, subject to the Workmen's Compensation Act of Colorado as an employer.

"During the pendency of proceedings herein, Ed Zimmerman was joined as a party respondent pursuant to order of the Referee directing him to show cause why he should not be so joined. Thereafter, Ed Zimmerman departed this life and there has been joined in this proceeding, Mrs. E. H. Zimmerman, Administratrix of the Estate of Ed Zimmerman, deceased, as a substituted party."

The Zimmerman estate was accordingly held liable together with the Block Coal Company and its three partners: LeRoy Conway, James Doyle and Walter Whitburn, for the payment of the above mentioned award.

The first argument of counsel for the estate for reversal is based on the ground that claimant's notice to the Industrial Commission did not mention Ed Zimmerman or refer to him as liable in any way. Claimant filed a notice, as required by section 363, chapter 97, '35 C.S.A., the pertinent portion of which is as follows: "The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not

apply to any claimant to whom compensation has been paid."

On a printed form prepared and supplied by the Industrial Commission entitled "Workmen's Notice and Claim for Compensation," claimant named the Block Coal Company as his employer at the time of the accident. In answer to the next question, as to whether his employer was an individual, partnership or corporation, he stated that his employer was a partnership consisting of three partners, LeRoy Conway, James Doyle and Walter Whitburn. This blank, duly filled out and signed, was received and filed by the Industrial Commission March 14, 1940, the accident having occurred on November 6, 1939. At the first hearing before a referee of the Industrial Commission upon this claim, namely, August 22, 1940, Ed Zimmerman was ordered to show cause in writing within fifteen days why he should not be made a party respondent. Subsequently Zimmerman filed an answer on his own behalf enclosing copy of his agreement with the Block Coal Company, and, after some correspondence, on November 15, 1940, the referee entered an order making Ed Zimmerman a party respondent. Counsel for Zimmerman now claims that, more than six months having elapsed before Zimmerman was brought into the proceeding and not having been named in the notice and claim filed by Brack, the six-months statute constitutes a bar to a recovery by Brack from Zimmerman or his estate. It will be noticed from the foregoing that claimant Brack has complied with the express terms of the statute, namely, he has filed a notice with the commission claiming compensation within six months after his injury, he has answered all of the questions on the blank provided by the commission and has properly named the partnership as his employer as it was the partners who had engaged and were paying him for his services.

It is our opinion that claimant, having complied with the statutory provision with regard to filing notice

within a period of six months from the date of the accident, is not barred from recovering against all parties made liable by the Workmen's Compensation Act merely because he did not include the name of the owner of the coal lease of the property upon which the mining operations were conducted.

In the three Colorado cases cited by counsel for Zimmerman we held that under the various circumstances in the respective cases claimant was not relieved from filing his notice and claim within six months after the injury: *Weidensaul v. Industrial Commission,* 107 Colo. 28, 108 P. (2d) 234, *Miller v. Industrial Commission,* 106 Colo. 364, 105 P. (2d) 404, *Industrial Commission v. Hover & Company,* 82 Colo. 335, 259 Pac. 509. Those cases, however, are not in point here because in the instant case claimant did file his notice and claim within the six-months period. Counsel also cites three other cases. In *McCormick v. Kitchens,* 59 Ga. App. 376, 1 S.E. (2d) 57, a claim was disallowed as not having been filed in time against the immediate employer of claimant. In Georgia, however, the law provided that every claim must be presented to and instituted against an immediate employer, which claimant in that case failed to do. In the instant case claimant has filed his claim and named his immediate employer. Likewise, in the case of *Ingram v. Department of Industrial Relations,* 208 Calif. 633, 284 Pac. 212, the claimant failed to file against one of his immediate employers and thus failed to comply with the terms of the California act. In the case of *Beach v. Union Gas & Electrical Co.,* 130 Ohio St. 280, 199 N.E. 181, there also was a failure on the part of claimant to comply with the provisions of the Workmen's Compensation Act of that state.

In the case of *Dobesh v. Associated Asphalt Contractors,* 138 Neb. 117, 292 N.W. 59, 60, recovery was adjudged against the Village of Ansley, although it was not named as the employer in the claim filed by claimant. In that case the court said: "The second contention

made by the village and its insurance carrier is that plaintiff was not entitled to maintain this proceeding against the village, for the reason that no claim for compensation had been made against it, under section 48-133, Comp. St. Supp. 1939, within six months after the injury. The liability of a third party, under section 48-116, Comp. St. 1929, for failing to require a contractor to carry compensation insurance is an imputed one, in the sense that none can exist against him, if none exists against the employer. In this situation, the notice of accident and claim for compensation required as against the employer should operate to fix the imputed liability of the third party. Any other construction would nullify, in part at least, the liability intended to be created by section 48-116, since it would make the statute ineffectual in cases where the employee did not learn within six months of his injury that his employer had failed to carry compensation insurance. Every provision in the compensation law should be made as fully workable as it is soundly possible to do, by reasonable construction. Plaintiff was accordingly not barred from maintaining this proceeding because no claim for compensation had been made directly against the village within six months after his injury." Counsel for the Zimmerman estate seek to distinguish this Nebraska case from the instant one by pointing out that in the former liability is imputed to the Village of Ansley, whereas section 49 of the Colorado Workmen's Compensation Act (§328, c. 97, '35 C.S.A.) makes a lessor directly liable as an employer. Both cases are alike, however, in that a person, not an immediate employer, made liable under the statute is not named in the claim filed by the employee. The instant case is even stronger, for the reason that Zimmerman had actual verbal notice of the injury from the claimant; therefore, there was no prejudice by failure to name him in the written notice and claim filed by claimant with the Industrial Commission. *Higginbotham*

*v. Oklahoma Portland Cement Co.,* 155 Okla. 264, 9 P. (2d) 15.

██ ˙The second contention of plaintiff in error is that, even if claimant is not barred by the statute of limitations, no liability attaches for the reason that Zimmerman was not an employer under the terms of the act. Both the Industrial Commission and the trial court found that Zimmerman was an employer by reason of his being a lessor under that portion of section 49 of the Workmen's Compensation Act (§328, c. 97, '35 C.S.A.) reading as follows: "Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or subcontractor, shall irrespective of the number of employees engaged in such work, be construed to be and be an employer as defined in this article, and shall be liable as provided in this article to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employees, and such employer as in this section defined shall, before commencing said work insure and shall keep insured his liability as herein provided and such lessee, sub-lessee, contractor or sub-contractor, as well as any employee of such lessee, sub-lessee, contractor or sub-contractor, shall each and all of them be deemed employees as defined in this article. * * * " Counsel for the estate contend that Zimmerman was not a lessor under the foregoing provision of the act; that the most that could be said in respect to his arrangement with the Block Coal Company was that he was a licensor, granting the Block Coal Company a license to mine on his premises; that the agreement between Zimmerman and the Block Coal Company was not called a lease and did not refer to the parties as lessor and lessees.

The evidence showed that Zimmerman had a coal lease from the United States, acquired by assignment from the government's lessee; that his agreement with

the Block Coal Company, consisting of four legal-sized typewritten pages, contains many provisions typical of ordinary leases and is definitely designated a lease in one paragraph of the document; it further specifies that the property should be operated in accordance with the provisions of the lease from the United States, the latter not appearing in the record. It also appears that the agreement with the Block Coal Company runs for a definite period of seven years and specifies that the mine shall be worked in a skillful and workmanlike manner; and it also contains the usual provision for forfeiture and states that the operators shall be deemed guilty of unlawful detainer in the event they remain in possession after ten days notice. There is also an option to make any payments due the government under the original lease direct to the government, and any over-riding royalties or other payments due to Zimmerman may then be paid to him. The agreement also provides that the Block Coal Company shall carry compensation insurance for the benefit of the men. It is to be noted that Zimmerman had no interest in the property other than to operate the same as a coal mine or have it so worked by others.

We believe that the Industrial Commission and the trial court correctly construed Zimmerman's contract with the Block Coal Company to be a lease in effect, and that Zimmerman was liable as a lessor; otherwise, by such an arrangement he might escape liability under the Workmen's Compensation Act by the mere act of leasing, and we have held that the purpose of section 49 supra is to prevent evasion of the insurance requirements of the act by leasing. *Industrial Commission v. Bracken,* 83 Colo. 72, 76 (262 Pac. 521) (cited in note in 81 A.L.R. 658). We have also held that this section 49 had no force if it applies only to the case of actual employer and employee. Its force lies in the fact that it says that one "shall be construed to be and be an employer" who would not otherwise be such. *Index Mines*

*v. Industrial Commission,* 82 Colo. 272, 259 Pac. 1036 (cited in note in 58 A.L.R. 876).

 Counsel's third specification is that, if Zimmerman was subject to the Workmen's Compensation Act at any time as an employer, he had effectively rejected or withdrawn therefrom. The record discloses seven notices of attempted withdrawal or rejection, covering a period from May 1, 1928 to September 25, 1933. The referee of the commission found "that E. H. Zimmerman, sometimes known as Ed Zimmerman, had made numerous attempts to reject the provisions of the Workmen's Compensation Act of Colorado prior to November 6, 1939. * * * that Exhibit No. 4, constituting sixteen pieces, does not contain an effective or valid rejection of the Workmen's Compensation Act of Colorado according to the terms thereof." In these statements Zimmerman described himself as owner, in some cases executing the statement alone and in others joining with the partners of the Block Coal Company. It is our opinion that the Industrial Commission and the trial court were correct in ruling that these statements did not constitute valid withdrawals from the operation of the act, or rejections of the terms thereof.

 The final point urged by counsel is that Zimmerman was not afforded a full and fair hearing by the Industrial Commission. The record discloses that on August 27, 1940, an order was entered by the referee directing Ed Zimmerman to "show cause in writing within fifteen days * * * why he should not be made a party respondent." At Zimmerman's request, time to show cause was extended to September 28, 1940. An informal answer, prepared by Zimmerman personally, was mailed to the commission on September 27, 1940. Zimmerman was then advised that, due to the absence of his then attorney, he was being granted fifteen days additional time within which he could file a further statement—this on the referee's own motion. Zimmerman later wrote that he had decided not to file any addi-

tional statement. On November 15, 1940, a supplemental order was entered making Zimmerman a party respondent. The case was ordered set for hearing on the referee's next trip to Boulder. Zimmerman wrote on November 19, 1940, that he had not yet employed an attorney. There was a hearing at Boulder on March 19, 1941, pursuant to notice mailed February 21, 1941. In the meanwhile Zimmerman died, and at the hearing on March 19, 1941, Mrs. Zimmerman, as administratrix of his estate, was substituted as respondent on request of her attorney. This attorney participated in the hearing —both sides producing witnesses—and asked to have the right to take the testimony of Dr. Willett at Steamboat Springs. There was a further hearing in Denver on April 11, 1941. No further reference was made to the taking of testimony in Steamboat Springs, and on May 6, 1941, the referee entered a supplemental order containing his findings. The attorney for the Zimmerman estate objected on May 7, 1941, to the exclusion of any Steamboat Springs hearing. The order was thereupon vacated, pending the taking of further testimony in Steamboat Springs. Hearing at Steamboat Springs was held on May 16, 1941, at which hearing the present attorney representing the Zimmerman estate took part and both sides were given leave to file memorandum briefs, which was done. Subsequently, i.e., June 11, 1941, the order of May 6, 1941, by the referee was reinstated. Petition for review was filed by counsel on June 25, 1941, and on July 11, 1941 the orders of the referee dated May 6, 1941 and June 11, 1941 were approved, affirmed and adopted by the commission. Under these circumstances, we are unable to hold that Ed Zimmerman and, after his death, the administratrix of his estate, were not afforded a full and fair hearing.

The judgment is affirmed.