## No. 15,398.

### JOE DANDY MINING COMPANY v. INDUSTRIAL COMMISSION ET AL.
(148 P. [2d] 817)

Decided April 3, 1944.   Rehearing denied May 8, 1944.

Mr. HILDRETH FROST, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, Mr. JOHN C. YOUNG, JR., for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING before the Industrial Commission. The claimant, Joseph B. McGuire, enjoyed favorable award, and in an action brought by plaintiff in error in the district court, the award was affirmed.

It appears that April 10, 1941, claimant, jointly with others, had a lease on mining property belonging to plaintiff in error; that while in the course of his employment thereon, he suffered an accidental injury; that May 31, 1941, a claim for compensation was filed in his behalf with the Industrial Commission, wherein he stated that Hildreth Frost was the owner of the property; that November 14, 1941, claimant's counsel (appearing in the matter for the first time), proceeding by written petition, alleged that plaintiff in error, The

Joe Dandy Mining Company, was the owner of the property, and prayed that it be made a respondent in the proceedings; that November 19, 1941, it was ordered that plaintiff in error be substituted for Frost in the cause, and that notice thereof be served upon plaintiff in error, which was done; that January 6, 1942, Hildreth Frost filed with the commission a motion in which he alleged that he was not the owner of the property upon which claimant was working at the time he was injured, and prayed that "he may be dismissed as a party to this proceeding," which motion was granted by an order entered the following day; that January 7, 1942, testimony was taken, claimant and plaintiff in error appearing by their respective counsel, as here. At the opening of that hearing, the Referee of the commission made a certain statement, incorporated in the record, and since there is much reference to it in the arguments, we set it forth. It reads: "Attorneys for the parties agree that the claimant, Joseph B. McGuire, was injured in an accident arising out of and in the course of his employment on properties owned by the Joe Dandy Mining Company; that he is now and has been since the date of injury temporarily and totally disabled. When his total disability will terminate and whether or not he has sustained any partial permanent disability cannot be determined. The only question, therefore, for determination at this time is whether or not the Joe Dandy Mining Company is subject to the Workmen's Compensation Act."

In the specifications, errors are variously stated, and those particularly emphasized on presentation, and which we regard as of controlling importance, will be outlined and determined as we proceed. Points not discussed have been examined, but are believed to be without merit.

1. Because originally claimant mistakenly alleged that Mr. Frost (counsel for plaintiff in error) was the owner of the property on which the injury occurred,

and that plaintiff in error, of which Mr. Frost is president, was not notified and made a party until November 19, 1941, it is contended that as to it, the claim may not be deemed to have been filed within the statutory time—six months after the injury ('35 C.S.A., chapter 97, section 363). In a similar situation we recently resolved to the contrary. *Zimmerman v. Industrial Com.,* 109 Colo. 533, 127 P. (2d) 878.

■ 2. Because, prior to claimant's injury, plaintiff in error had "filed proper notices electing not to operate" thereunder, it contends that it is not subject to the Workmen's Compensation Act. It appears, however, that long before claimant's injury, plaintiff in error had qualified under that act, and that not until January, 1941, did it undertake "not to operate" pursuant thereto. Hence, as found by the commission, and adjudged by the trial court, the statute authorizing nonacceptance of the act ('35 C.S.A., c. 97, §295) was not available to plaintiff in error at the time of its attempt to that end; and that appears to be the law. *Comerford v. Carr,* 86 Colo. 590, 284 Pac. 121. The situation considered, plaintiff in error's only "out" was provided by '35 C.S.A., chapter 97, section 328, and it was not shown that it had complied with that section. *Zimmerman v. Industrial Com., supra; Comerford v. Carr, supra.*

■ 3. Plaintiff in error insists that claimant and his associate lessees should have procured, and carried, their own insurance. That such course would have been wise may not be gainsaid, but their failure in that regard does not relieve plaintiff in error from its primary duty of carrying insurance. The theory of the statute is, that failure of lessees to carry requisite insurance does not, even as to themselves, inure to the lessor's defense to a claim made by a lessee in the circumstances here. Only where "before commencing said work" the lessees *do* "insure and keep insured," is the lessor relieved from the provisions of this section [328, supra]." Except that a lessor's lack of diligence in such situation would be at

his peril, the requirement of the statute is not burdensome, for a further provision is, that lessees shall pay the cost of insurance procured by the lessors. §328, supra; *Index Mines Corporation v. Industrial Com.,* 82 Colo. 272, 259 Pac. 1036; *Industrial Commission v. Hammond,* 77 Colo. 414, 236 Pac. 1006.

4. Plaintiff in error, although it failed to carry insurance, still contends that since the lessees might, and perhaps should, have procured insurance on their own initiative, the commission should have made a finding of primary and secondary liabilities, and designated the lessees for the primary burden. The point has been resolved otherwise in *Sechler v. Pastore,* 103 Colo. 139, 84 P. (2d) 61. The language which plaintiff in error quoted from *Index Mines v. Industrial Com., supra,* apparently favorable to its contention, was made nugatory by the further opinion of the court in the same case on rehearing, as is emphasized in the Sechler-Pastore case.

5. We think the statement of the Referee, which we have quoted in our recital of the facts, to the effect that claimant was injured in the course of his employment on properties of plaintiff in error, and that he was "temporarily and totally disabled," etc., together with the letters, submitted medical and hospital bills, and statement by one of the respondents as to when claimant went to work, which employment continued until he was injured, and his earnings for the period, all filed pursuant to the request of the commission, justified the commission in making its findings relative to the award as to sum of recovery, and that it rightly refused to open the matter for further testimony.

6. It is contended that plaintiff in error is not liable for medical and hospital bills incurred by claimant in connection with his injury, and that the award otherwise was not justified. In support of this contention, *Rocky Mountain Fuel Co. v. Industrial Com.,* 105 Colo. 220, 96 P. (2d) 413, is cited. There, not as here, acting "through the lessor, the lessee paying the premium," an

insurance policy, "in form known as 'Ex-Medical'," was procured, "that is to say, covering compensation, but not medical benefits, and the lessee carried no other insurance." There, too, and not as here, the lessor, with the commission's approval, "operated its own medical and hospital plan," available and open to lessee's employees. Instead of resorting to the medical and hospital facilities thus provided by the lessor, the lessee there elected to have its injured employee treated and hospitalized otherwise and elsewhere. Predicated on the usual record there, the commission ordered the lessor to " 'pay for the necessary medical, surgical and hospital expenses incurred' " to the benefit of a physician and hospital "strange to the proceeding." That order was "challenged on the ground that the commission did not have jurisdiction to pass upon the question involved, for that, as said, it 'was wholly and exclusively a juridical matter,' only cognizable by a judicial tribunal." In sum, we declared that, "Out of it all, * * * a controversy exists between the lessor and lessee as to which, if either, is bound to pay for the medical and hospital bills said to be owing to the doctor and hospital serving the claimant." We added, that, "In such situation, 'the parties are relegated to the courts for an adjudication of the matter'." We cannot think the philosophy of that case operates to absolve the lessor here.

On the whole case, the spirit and purpose of the Workmen's Compensation Act comprehended, we are of the view that substantial justice obtained. Let the judgment be affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE JACKSON not participating.