## No. C-1686

**A. B. Hefley v. Apolonio Morales, The Industrial Commission of the State of Colorado, and Sanchez Ochoa**

(595 P.2d 233)

Decided May 21, 1979.                                    Rehearing denied June 4, 1979.

Schmidt and Schmidt, Mark H. Schmidt for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Timothy R. Arnold, Special Assistant, for respondent, The Industrial Commission of the- State of Colorado.

Johnson, McLachlan & DiCola, Anthony J. DiCola, Larry Stutler, for respondent, Apolonio Morales.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted certiorari to review the court of appeals' decision in 41 Colo. App. 180, 584 P.2d 1229 which held the petitioner liable under the Workmen's Compensation Act. We reverse.

Sanchez Ochoa hired the respondent, Morales, to work as part of a four-man crew on farms in New Mexico, Oklahoma and Colorado. Ochoa then contracted with the petitioner (Hefley) to cut corn ensilage on Hefley's farm in Colorado. While cutting the corn, Morales sustained injuries to his arm. Morales filed for workmen's compensation against Hefley.[1] The Industrial Commission dismissed his claim on the ground that section 8-41-105, C.R.S. 1973 exempted Hefley as an employer of farm and ranch labor who had expended less than $24,000 for wages in 1975. The court of appeals reversed, holding that Hefley was liable under section 8-48-101, C.R.S. 1973 because he had contracted out his regular business to an independent contractor.

The first question for review is whether the contracting out provision of the Workmen's Compensation Act supersedes the section of the Act which establishes an exemption for certain employers of farm and ranch labor. The *contracting out* provision reads:

---

[1] Morales also named Ochoa in his claim. However, the Industrial Commission ordered further proceedings to determine Ochoa's liability as an out-of-state employer under section 8-46-202, C.R.S. 1973. The Commission did enter a final order that Hefley was exempt. It is only the latter ruling which is here subject to review.

"Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 54 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors, and subcontractors and their employees." Section 8-48-101(1), C.R.S. 1973.

The *exemption provision* for farm and ranch labor states:

"Articles 40 to 54 of this title are not intended to apply to employers of farm and ranch labor if the amounts expended for wages by an employer of said farm and ranch labor do not exceed the sum of twenty-four thousand dollars for the calendar year 1975 and the sum of ten thousand dollars for the calendar year 1976; thereafter, effective 12;01 a.m., January 1, 1977, this subsection (2) shall not apply, and employers of farm and ranch labor shall be included in the definition contained in paragraph (b) of subsection (1) of this section." Section 8-41-105(2), C.R.S. 1973 (1976 Supp.)

The court of appeals ruled that the contracting out provision governed. In so doing, it relied upon *Faith Realty and Development Co. v. Industrial Commission,* 170 Colo. 215, 460 P.2d 228 (1969); *Snyder v. Industrial Commission,* 138 Colo. 523, 335 P.2d 543 (1959); and *Zimmerman v. Industrial Commission,* 109 Colo. 533, 127 P.2d 878 (1942). However, these cases are not dispositive in the instant situation. They raised the issues whether real estate salesmen *(Faith Realty, supra),* the lessor of a coal company *(Zimmerman, supra),* and joint venturers who contracted out construction work *(Snyder, supra)* should be considered employers under the Act. None of the cases involved the application of the exemption provision. Rather, each required only a determination as to the scope of the contracting out provisions of section 8-48-101, C.R.S. 1973.

Here, we must evaluate the interaction of the contracting out provisions and the exemption for farm and ranch labor. The terms of the exemption provide guidance inasmuch as the statute says "Articles 40 to 54 of this title are not intended to apply to employers of farm and ranch labor. . . ." The wording indicates that the General Assembly did not intend for the contracting out provisions to apply to exempted employers of farm and ranch labor. Further, the limiting language contained in the contracting out provision reinforces the conclusion that it is not intended to apply to employers otherwise exempted. It states that a person or company contracting out all or part of its work "shall be construed to be an employer *as defined in Articles 40 to 54 of this title* and shall be liable as provided in said articles." (Emphasis added.)

■ The purpose of the contracting out provision is to prevent employers from avoiding financial responsibility by contracting out their regular work to uninsured independent contractors. In the exemption provision, the General Assembly clearly intended to exempt persons who directly employed farm and ranch labor on a limited scale.

■ We conclude that the contracting out provision does not modify the exemption for farm and ranch labor. This conclusion raises a second issue, *viz.*, whether the exemption applies to Hefley. The court of appeals did not reach this question due to its contrary conclusion regarding the first issue.

■ We affirm the Industrial Commission's ruling that the exemption for farm and ranch labor applies to Hefley. The Commission heard sufficient evidence to support its finding that Hefley had spent less than $24,000 for wages of farm and ranch laborers in 1975. Previous cases establish that Morales was a farm laborer within the meaning of the statute. In *Billings Ditch Co. v. Industrial Commission,* 127 Colo. 69, 253 P.2d 1058 (1973), we said,

"Farm and ranch labor falls, of course, within the field of agriculture, which, while not a technical term, has many times been legally defined. Without undertaking to repeat these definitions at length, we state that, agriculture in general refers to any activity incident to the cultivation of land for the growing of crops, *the harvesting thereof,* and the care and feeding of livestock." (Emphasis added.)

We quoted from *Billings, supra,* in *Anaya, Jr. v. Industrial Commission,* 182 Colo. 244, 512 P.2d 625 (1973):

". . . 'farm and ranch labor' includes 'all things incident to farming in the widest sense of that term.'"

Under these cases, the cutting of corn clearly must be classified as farm and ranch labor as it is both a part of the harvesting process and incident to farming.

Morales relies upon *Hoshiko v. Industrial Commission,* 83 Colo. 556, 226 P. 1114 (1928) and *Industrial Commission v. Shadowen,* 68 Colo. 69, 187 P. 926 (1920) to establish that, as a cutter of corn, he was not a farm laborer. *Hoshiko, supra,* is distinguishable as the claimant sued a farmer who also engaged in the business of threshing on the farms of other persons for compensation. It was while the claimant was employed on another's farm that he sustained the injury for which he sought compensation. In *Shadowen, supra,* the claimant sued an independent contractor who hired men to assist him in operating a threshing machine which he took from farm to farm for compensation. Here, Ochoa was the independent contractor, and the situation is significantly different as the claim is against the farmer who contracted with Ochoa.

We reverse the court of appeals and return the matter to it for remand affirming the ruling of the Industrial Commission.