**STATE COMPENSATION INSURANCE FUND, and Gobbo Farms, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado, and E.B. Bradford, Respondents.**

**No. 84CA1465.**

Colorado Court of Appeals, Div. I.

Oct. 17, 1985.

Paul Tochtrop, Denver, for petitioners.

Withers, Seidman & Rice, P.C., Gudrun Rice, Grand Junction, for respondent E.B. Bradford.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

Charles F. Brannan, Denver, for Rocky Mountain Farmers Union, amicus curiae.

ENOCH, Chief Judge.

Petitioners, State Compensation Insurance Fund and Gobbo Farms (Gobbo), seek review of a final order of the Industrial Commission which determined that Gobbo was liable, as a statutory employer, for workmen's compensation coverage. The Commission awarded claimant, Enoch B. Bradford, medical and temporary total dis-

ability benefits. We set aside the Commission's order.

Gobbo is a partnership engaged in general farming operations. Gobbo contracted with claimant, a truck owner, for delivery of a load of onions to a New Orleans buyer. Claimant and his hired driver were involved in a truck accident en route to New Orleans and claimant was injured. Neither claimant nor Gobbo carried workmen's compensation insurance. Claimant filed a claim for compensation with the Division of Labor alleging that Gobbo was liable for his injuries. The Division determined that Gobbo was a statutory employer under § 8-48-101, C.R.S. (1984 Cum.Supp.), entered an award for claimant, and the Commission affirmed.

Petitioners contend that the Commission erred in its determination that Gobbo was a statutory employer under § 8-48-101, C.R.S. (1984 Cum.Supp.). We need not decide this issue because, even if Gobbo were a statutory employer within § 8-48-101(1), we hold that it is an exempted agricultural employer under § 8-48-101(3), C.R.S. (1984 Cum.Supp.).

Section 8-48-101(3) imposes primary responsibility for workmen's compensation coverage upon the contractor rather than upon the farmer when "a person, company, or corporation ... contracts with a landowner or lessee of a farm ... to perform a ... farming ... operation ...." It is undisputed that Gobbo is in the farming business and that the planting, growing, and harvesting of onions is a "farming operation." *See Billings Ditch Co. v. Industrial Commission*, 127 Colo. 69, 253 P.2d 1058 (1953). Hence, the only question as to applicability of this statutory section is whether Gobbo's contracting out for *delivery* of part of the crop is a part of the farming operation.

A farmer has little purpose in raising a crop, except for personal consumption, unless the crop is ultimately sold and delivered to a buyer. *See Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973). Here, the work which Gobbo contracted out, delivery of the onion crop, is

the final step which must be accomplished before Gobbo can be compensated for the work and expense of producing the crop.

Under these circumstances, we hold that delivery of the harvested crop to the buyer was part of the farming operation. Therefore, the agricultural exemption of § 8-48-101(3), C.R.S. (1984 Cum.Supp.) applies, imposing primary responsibility for workmen's compensation coverage upon the claimant rather than upon Gobbo.

Because of our holding that Gobbo is not responsible for providing claimant with workmen's compensation coverage, we need not consider the other issues raised by petitioners.

The order awarding workmen's compensation benefits to claimant on the basis that Gobbo was his statutory employer is set aside.

VAN CISE and BABCOCK, JJ., concur.