266

Darrell L. SORENSEN, Petitioner,

v.

Donald K. GOLDMAN, Edith A. Goldman, Joe Rando, Colorado Compensation Insurance Authority, The Industrial Claim Appeals Office of the State of Colorado and Division of Labor, Respondents.

No. 90CA1865.

Colorado Court of Appeals,
Div. III.

April 23, 1992.

Rehearing Denied June 4, 1992.

Certiorari Denied Sept. 21, 1992.

Stephen J. Worrell, Glenwood Springs, for petitioner.

No appearance for respondents Donald K. Goldman, Edith A. Goldman and Joe Rando.

Paul Tochtrop, Denver, for Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Labor.

Opinion by Judge PLANK.

Darrell L. Sorensen, claimant, seeks review of the final order of the Industrial Claim Appeals Panel which ruled that he was excluded from the scope of the Workers' Compensation Act by the agricultural exemption now set out at § 8–41–401(4)(c), C.R.S. (1991 Cum.Supp.). He contends that his work in constructing a building on the ranch of Donald and Edith Goldman was not within the agricultural exemption to statutory employment and that he was, therefore, the Goldman's statutory employee. We agree, and set aside the Panel's order.

The Goldmans own and operate a farming and ranching business. They contracted with Joe Rando, a building contractor, for the construction of a building on their ranch to be used solely for the storage, maintenance, and repair of their agricultural equipment and vehicles. Claimant, who was employed as a laborer and carpenter by Rando, was injured while working on the construction of the building.

 Rando had no workers' compensation insurance, and claimant sought to hold the Goldman's liable as his statutory employers. The Administrative Law Judge

(ALJ) and Panel ruled that the Goldmans were not liable as statutory employers, reasoning that the construction of the building was within the agricultural exemption of § 8–41–401(4)(c).

That section provides:

Notwithstanding any provision of *this section* to the contrary, no person, company, or corporation contracting with a landowner or lessor of a farm or ranch operation to perform a specified farming or ranching operation, nor any employee of such person, company, or corporation required to be covered by workers' compensation pursuant to this subsection (4) shall have any right of contribution from, or any action against, the person, company, or corporation contracting to have such agricultural labor performed. (emphasis added)

The agricultural labor provision of § 8–41–401(4)(c) exempts agricultural operations from statutory employer liability under § 8–41–401(1). *See State Compensation Insurance Fund v. Industrial Commission,* 713 P.2d 405 (Colo.App.1985).

The definition of agricultural labor in the Workers' Compensation Act is broad and includes any activity incident to farming or ranching. *Hefley v. Morales,* 197 Colo. 523, 595 P.2d 233 (1979); *Billings Ditch Co. v. Industrial Commission,* 127 Colo. 69, 253 P.2d 1058 (1953) (construing agricultural labor exemption provision now codified as § 8–40–302(1), C.R.S. (1991 Cum. Supp.).

■ Statutory terms, however, should be construed according to their plain, ordinary, and accepted meanings. *Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990).

■ Construction of a building is not within the ordinary meaning of the terms farming, ranching, or agricultural labor. *See Black's Law Dictionary* 63 & 546 (5th ed. 1979); *Webster's Third New International Dictionary* 43–44, 824 & 1879 (1981).

Although repair of a farm irrigation ditch is sufficiently incident to agriculture to constitute agricultural labor, *Billings Ditch Co. v. Industrial Commission, su-*

*pra,* construction of a building is not incident to farming, ranching, or agriculture to the same degree and is not within the meaning of the terms farming, ranching, or agriculture. *See State Compensation Insurance v. Industrial Commission, supra; see also* 1C A. Larson, *Workmen's Compensation Law* § 53.40 (1990).

The ALJ and Panel focused on the intended use of the building rather than the nature of the work itself. That was error. If a "specified farming or ranching operation" were to be defined so broadly as to include construction by a contractor of a building because its intended use was farming or ranching, then, by the same reasoning, virtually any work contracted out by a farm or ranch business would be within the exemption. For example, contracted out repairs to farm vehicles would constitute exempt agricultural labor. This would extend the definition of agriculture too far.

The order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

TURSI and CRISWELL, JJ., concur.